[PHILADELPHIA, FEBRUARY 16TH, 1839.]

## WALKER *against* GEISSE and Another.

### IN ERROR.

1. A check upon a bank is transferable like a bill of exchange; and the mere circumstance of its being dated on a day after that on which it is taken by the holder is not sufficient, in an action against him by the holder, to let the drawer into a defence of want of consideration between him and the payee.

2. Nor is it sufficient to let the drawer into such defence that the check was taken by the plaintiff in payment of an antecedent debt.

3. In an action in the District Court for the City and County of Philadelphia by the holder of two checks upon a bank drawn by the defendant in favour of A., the defendant filed an affidavit, setting forth in substance that the checks were given for a consideration which had failed; that they were post-dated; and that prior to the dates when they became due A. failed, and also prior to the said dates informed the deponent that he had passed the checks to the plaintiff for an antecedent debt. The deponent averred that the plaintiff received the checks post-dated, out of the regular and ordinary course of trade, and without such a consideration as would entitle him to recover in his own name as a *bona fide* holder for value. The affidavit concluded by averring the deponent's belief, that he " can establish the material allegations above contained upon the trial of this cause." *Held*, that the District Court was right in giving judgment for want of a sufficient affidavit of defence.

THIS was a writ of error to the District Court for the City and County of Philadelphia, to remove the record of an action on the case brought in that Court to March term, 1837, by George W. Geisse and Lewis Geisse, trading under the firm of George W. Geisse & Co. against Henry M. Walker.

On the 8th of April, 1837, the plaintiffs filed in the office of the prothonotary of the District Court copies of the checks upon which the action was brought, as follows.

" No. 583.                          Philadelphia, April 6th, 1837.
                    Farmers and Mechanics Bank.
          Pay to Messrs. R. & J. Phillips or order,
       Four thousand nine hundred fourteen dolls. 81 cts.
$4914 81                      (Signed)      HENRY M. WALKER.
          (Endorsed)      R. & J. PHILLIPS.

No. 582.                                        Philadelphia, March 27, 1837.
                        Farmers and Mechanics Bank.
                Pay to Messrs. R. & J. Phillips or order,
        Four thousand nine hundred fourteen dolls. 81 cts.
                        (Signed)              HENRY M. WALKER."
        (Not endorsed.)

On the 20th of May, 1837, the following affidavit of defence was
filed.

"Henry M. Walker the said defendant being duly sworn, saith,
that he has a just, and he believes a legal defence against the plain-
tiff's demand in the above case; the nature and character of which
are as follows:

On the seventh of March last the deponent purchased of Messrs.
R. & J. Phillips of Philadelphia, a bill of exchange on Messrs.
Lizardis of London, for £3002 5s. 2d. for which he gave Messrs.
Phillips his three several checks, dated March 17th, March 27th, and
April 6th, the first of which was presented at bank and paid. Prior
to the dates when the two last checks became due, the payees of
said checks, the Messrs. Phillips, failed; and on the 24th March,
when the deponent was endeavouring to effect an arrangement for
the ultimate payment of said bills, the said Phillips informed the
deponent that they had, after their said failure, passed the said
checks to the plaintiff for an antecedent debt. On the third day of
May following, the deponent received from England notice of protest
for non-acceptance of another bill for £1000, previously purchased
of the said Phillips, also on the Messrs. Lizardis of London. The
deponent received from the Messrs. Phillips the following reason
for such non-acceptance. During the winter last passed, Messrs.
Phillips were instructed by Messrs Lizardis not to open any more
special credits upon them; and accordingly the former refused to do
so in certain instances. Being, however, soon afterwards induced
to infringe said order in favour of a merchant in this city, whom
they were anxious to oblige, they gave him a paper writing in the
nature of a letter of credit to the amount of £15,000 sterling, on a
house in Rio Janeiro, supposed to be acting for Lizardis, or Phillips,
or both. The principal of that house being absent on the arrival of
the bearer of said letter, a person, recently placed in charge, agreed
to buy the said bearer's bill on Lizardis for said amount. This bill
was dishonoured, and the Lizardis declined thenceforth to accept
any more bills of Messrs. Phillips, in consequence of the said infrac-
tion of their orders, until the said Phillips' account was fully covered.
The deponent has seen the Lizardis' letter to the said Phillips to this
effect, and knows that the latter have not fully covered their account
with the Lizardis since the date of said letter. The deponent says
that for the same reason the said bill for £1000 was protested for

(Walker *v.* Geisse.)

non-acceptance, and the deponent believes that the other bill, which forms the consideration of the said checks now in suit, has been by this time similarly dishonoured, and he expects that the next packet from England will bring him the protest. The deponent also has reason to apprehend that owing to the present widely spread mercantile distress, all the parties to the said bill, will, at its maturity, prove to be so involved as to leave the bill in his hands wholly unavailable. The deponent therefore says, that the consideration for the said checks now sued upon by the said plaintiff has failed, as between him and the vendors and endorsers of said bill, the Messrs. Phillips; and that as regards the plaintiffs they stand in no better situation than the said vendors, they having received the checks post-dated, out of the regular and ordinary course of trade, and without such a consideration as would entitle them to recover in their own name as *bona fide* holders for value. As regards the check last described by the said plaintiffs, it appears by their own statement filed, that though drawn to order, it never has been endorsed to them by the payees. The deponent believes that he can establish the material allegations above contained upon the trial of this cause."

The following supplemental affidavit was filed on the 5th of June, 1837.

" Henry M. Walker, the above defendant, being duly sworn, says: That since the date of the affidavit already filed by him in the above action, he received from London regular notice of protest of the bill of exchange for £3002 5*s.* 2*d.*, for non-acceptance by Messrs. H. De Lizardi & Co. the drawees, that the said bill is the same mentioned in the former affidavit as being the consideration for said checks."

A rule was obtained to show cause why judgment should not be entered for want of a sufficient affidavit of defence; which, after argument, was made absolute; and judgment was entered accordingly.

A writ of error was then taken out by the defendant; and on the return of the record the following specifications were filed.

" The Court below erred in rendering judgment for the plaintiff below.

1st. Because the instrument of writing upon which suit was brought, was not such as entitled the plaintiff to judgment under the act of assembly, for want of an affidavit of defence.

2nd. Because it appears by the affidavits of defence, that the consideration of the said checks had failed wholly or in part: that the defendant below had, at the time of the institution of the suit, a fair set-off against said claim, even if it were sustainable; and, that

(Walker *v.* Geisse.)

the plaintiff below, having obtained the checks irregularly, and without any present consideration, stood in no better condition than the original holders of the said checks.

3d. Because the affidavits made and filed by the defendant exhibited the nature and character of a defence sufficient to entitle him to a trial by jury under the said act."

Mr. *Haly*, for the plaintiff in error.

The facts set forth in the affidavit of defence show that there was a total failure of consideration for these checks, and that the defendants had a valid and sufficient set-off. The checks were dated long after the time at which they were respectively given, and the plaintiffs took them with knowledge of this fact, and were therefore bound to make inquiry into the circumstances under which they were given. It may be admitted that the practice of post-dating checks is common; but it has never been decided that such checks stand upon the same footing as promissory notes received *bona fide* and before maturity. The circumstance of their having been taken for an antecedent debt, also, places the plaintiff in the same situation as if they were the drawees. *Mann* v. *Swan*, (14 *Johns*. 270.) *Skilding* v. *Warren*, (15 *Johns*. 270.) *Wardell* v. *Howell*, (9 *Wendell*, 170.) *Rosa* v. *Brotherson*, (10 *Wendell*, 85.) *Chitty on Bills*, 533. The affidavit states the defendant's belief that he can establish the material allegations upon the trial, which is all that he could be expected to swear to.

Mr. *J. R. Ingersoll*, for the defendant in error.

An affidavit of defence ought to state facts upon the knowledge and responsibility of the deponent. It will not do to say that he has been told so. The post-dating of the checks therefore is of no importance in this case, since it does not appear that the plaintiffs received them otherwise than on the day of their date. But if the facts were sufficiently alleged, they do not constitute a sufficient defence. In *Chitty on Bills*, 546, (ed. 1836) it is said to be now settled that these checks are transferable like bills of exchange, and that the mere circumstance of taking them after date does not open the consideration. The question of the effect of taking them for an antecedent debt does not arise here. *Brush* v. *Scribner*, (11 *Conn. Rep.* 388.) The English authorities are collected in 1 *Leigh's N. P.* 477. The affidavit ought to state not only a pre-existing debt, but that it remained in full life. *Non constat* that these bills have not been paid. There is no positive allegation to the contrary.

The opinion of the Court was delivered by

KENNEDY, J.—The defendant below, in a suit like the present, is

bound by the act of assembly passed in this behalf, in order to pre-vent a judgment being obtained against him by the plaintiff for the amount of his claim, to state in his affidavit or affirmation of a defence, if he makes and files one, not merely that he has or believes that he has a just defence, but he must also state the grounds and nature of it, so that the Court may be enabled to judge how far it will avail against the plaintiff's demand, if established by due proof.

The plaintiff in error being the defendant below, his counsel here, for the purpose of overcoming the objection which he saw would be made to the sufficiency of the defence set up by his client, against the demand of the plaintiffs below, who claimed to recover the amount of two checks, which they allege came into their hands *bona fide*, in the ordinary course of business, for a valuable consideration, after they had been drawn by the defendant below, upon the Farmers and Mechanics' Bank of Philadelphia, payable to R. & J. Phillips, or order, and by him delivered to them, contended—first, that the checks were not transferable instruments according to the law merchant; and secondly, that if they were, the plaintiffs below received them for an antecedent debt, owing to them by the payees; which was not such a consideration as would entitle them to be placed on any better footing than the payees; so that in either case, the failure of the consideration for which the checks were given, would be as available against the plaintiffs below as the payees.

As to the first position of the counsel for the plaintiff in error, though it may have been thought, at one time, that a check or draft on a banker or a bank in England, was not transferable beyond the bills of mortality, *Grant* v. *Vaughan*, 3 *Burr.* 1517, *Chitty on Bills*, 546; yet it has been well settled since, that they are as much so as bills of exchange: strictly speaking, however, they are not considered due until payment is demanded; and in this respect they are somewhat different from bills of exchange or promissory notes payable on a particular day. Per Lord Kenyon, in *Boehm* v. *Stirling*, (7 *Term Rep.* 430.) *Chitty on Bills*, 546. Hence the mere circumstance of a person receiving a check a few days after its date, does not necessarily, as in the case of an over-due bill, subject him to the objections which would have affected it in the hands of the person to whom it was delivered by the drawer. *Rothschild* v. *Corney*, (9 *B. & C.* 388; S. C. *Dans. & Lloyd Rep.* 325.) Lord Tenderden, in this last case, said, "it cannot be laid down as a matter of *law* that a party taking a check after any *fixed* time from its date, does so at his peril; and therefore the *mere fact* of a party taking them *six days* after they bore date, from a person who had not given value for them, would not *necessarily* invalidate his title. It is, indeed, a circumstance to be taken into consideration by a jury, in determining whether the party took the checks under circumstances which ought to have excited the suspicion of a prudent man." *Chitty on Bills*, 247-8. 546.

(Walker *v.* Geisse.)

But, it is said, that the checks in question were received by the plaintiffs below before the days of their respective dates had arrived, and therefore, even if it should be held that they were transferable at any time, they could not have been considered so before the days of their respective dates came around.

The affidavit of defence, however, does not state the fact of the plaintiffs' receiving the checks to have been so, but merely that the payees informed the defendant, that they had parted with the checks to the plaintiffs before the day on which either bears date. The mere declaration, however, of the payees, that the fact was so, is no evidence that it is so; nor can it be received as such. But admitting the fact to be so, still the result contended for by the counsel for the plaintiff in error will not follow. There is no reason for permitting the drawer of the checks to make such an objection to the transferability of them. They were not post-dated with any such view, as between the parties, but to prevent their being presented for payment before that day should come around on which each is dated; so that the drawer might in the meantime make it more convenient for himself to have funds placed in the bank to meet the payment of them when presented. This question was decided in *Passmore* v. *North*, (13 *East*, 516,) in regard to a bill of exchange, between which and a check there is no difference in this respect. The suit there was brought by the endorsee of the bill against the drawer of it; who drew it on the fourth of May, 1810, dating it on the eleventh of the same month: on the fifth, the next day after it was drawn and delivered to the payee, the latter passed it to the plaintiff for a valuable consideration, and afterwards died on the same day. It appeared that the bill was drawn for seventy pounds more than the amount owing by the drawer to the payee. The drawer, therefore, the payee being dead without leaving funds in his hands of sufficient amount to meet the bill, advised the drawee before the date of the bill came around, not to accept or pay it: accordingly, when it was presented for that purpose he refused; whereupon the endorsee sued the drawer; and it was held that he was entitled to recover the whole amount of the bill, notwithstanding the objections that it was taken by the plaintiff before the day of its date had arrived, and the want of sufficient funds belonging to the payee, in the hands of the drawer, to discharge the whole amount of it.

Then, as to the fact of the checks in question having been received by the plaintiffs below for an antecedent debt, owing to them by R. & J. Phillips, the payees, the affidavit of defence does not contain the assertion that the fact is, or that the defendant below believes it to be so. And this of itself is a sufficient answer. The defendant below only alleges in his affidavit that R. & J. Phillips told him so; and he concludes his affidavit by saying, "the deponent believes that he can establish the material allegations above contained, upon

(Walker *v.* Geisse.)

the trial of this cause." Now, suppose he can establish that R. & J. Phillips told him so; he would not be permitted to make such proof, because it would be no evidence of the fact against the plaintiffs below, that they received the checks upon any such consideration. Neither can it be considered one of the "material allegations" which the defendant speaks of in the conclusion of his affidavit; for it is wholly immaterial, and therefore would not have been even provable on the issue, in case one had been joined.

But if the fact were so, that the plaintiffs below received the checks from R. & J. Phillips, in payment and discharge of an antecedent debt, as the language of the affidavit would rather seem to import, though as to that it may be thought by some doubtful, which would render it deficient, it would be a sufficient consideration to entitle the plaintiffs below to recover the amount of the checks. If however the checks were only taken by the plaintiffs as a collateral security for the payment of an antecedent debt, it will be otherwise; because it could not be said that they had parted with any thing, or surrendered any right in consideration of their having received the checks. This however is not the allegation contained in the affidavit of defence. The defence therefore set out in the affidavit by the defendant below, had it been established, would not have availed him any thing. The judgment is therefore affirmed.

. Judgment affirmed.