## JACKSON v. POLACK.

January 11, 1840.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

A. makes his promissory note in favour of B., the consideration of which fails. B. endorses it to C. as collateral security for the payment of an antecedent debt due by B. to C., but not to be credited on the original debt unless paid. C. sues A. on the note, and A. sets up these facts as a defence: *Held*, C. could not recover.

THIS was an action brought by William Jackson against J. H. Polack, trading under the firm of J. H. Polack & Co., to December term, 1839, No. 193.

Jan. 4, 1840. Rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

The following copy of a promissory note, on which suit was brought, had been filed, viz.:

[Jackson v. Polack.]

"Philadelphia, July 6, 1839.

"Four months after date we promise to pay to the order of Mr. Malcolm Ives, five hundred and twenty-eight dollars, thirteen cents, without defalcation, value received. Payable at the Pennsylvania Bank.

"$528,13.            Signed,        J. H. POLACK & Co."

Endorsed, "Pay to William Jackson or order.

MALCOLM IVES.

WILLIAM JACKSON."

The following affidavit of defence was put in, viz.:

"John H. Polack, the defendant above named, being duly sworn, says that he has a just and legal defence to the whole of the plaintiff's demand in this action, the nature and character of which are as follows. That the note on which the above action has been brought was given to Malcolm Ives, the payee, under the following circumstances. That the said Malcolm Ives came to the store of this deponent in the latter part of last June, and asked him whether he had not purchased, some few weeks before, from John Mee, two casks of Madeira wine, at two dollars and fifty cents a gallon. To which this deponent replied that he had —the said Ives stated that he had, in New York, eight quarter casks of the same wine for sale, and asked this deponent to buy it. Upon this representation this deponent subsequently agreed to purchase the wine at two dollars and fifty cents a gallon, and to give his note therefor, at four months. A few days afterwards, on the 12th July, 1839, the said Ives called on this deponent and showed him a bill of lading for the wine which he was daily expecting, and urged this deponent to give his note for the amount of the purchase money on receiving an endorsement of the bill of lading because he, the said Ives, was going to New York, and wished some one to receive the wine on its arrival, and, besides, he had an opportunity of discounting the note, and it would much oblige him to have it. The said Ives assured this deponent that the wine was as he represented it as to quality, and amounted in quantity to two hundred and eleven and a quarter gallons. This deponent objected to give his note to said Ives for the said wine, but finally yielded to his solicitations and gave him the note upon which this suit is brought, the said Ives assuring this deponent that he would make it all right afterwards, should any deficiency

[Jackson v. Polack.]

be afterwards discovered either in the quality or quantity of the wine in question. And this deponent doth further say that as soon as he received the said wine he had it gauged, when it proved to amount only to one hundred and ninety-two and a half gallons, and as soon as the wine was in a proper state for the purpose, about a fortnight after it arrived, this deponent tried the wine, and found it inferior in quality, being not by fifty per cent. as valuable and good as that which this deponent had purchased, as before stated, from John Mee, and entirely different from that wine. That as soon as this deponent ascertained Mr. Ives's residence, a few days afterwards, he informed Mr. Ives of the fact, and asked him to give back his note, and take his wine, and allow him for the deficiency in the quality and quantity of article purchased, but he has to this hour totally refused and neglected to comply with this deponent's request. That this deponent then informed the said Ives that he would never pay the note nor touch the wine, and that Ives should send for it.

" That the said plaintiff received the said note from the said Ives on account of a prior claim which he had against the said Ives, to the amount of several thousand dollars, to be credited to the said Ives if paid, and not otherwise to be in satisfaction of the said claim, in whole or in part. That the said plaintiff has parted with no valued security on account of the said note, nor in any manner been injured by the non-payment thereof, further than if he had never received it."

*Lewis,* for the rule, cited Brewer *v.* Jackson, 2 *W. C. C. R.* 25. Bringing suit is legal proof that the original debt was paid to the endorsee by the note, Watts *v.* Willing, 2 *Dall.* 100; 11 *Co.* 388, Rush *v.* Scrivener.

*Gerhard,* contra, cited 10 *Wend.* 85, Rosa *v.* Brotherton; 3 *Wend.* 605, Paine *v.* Cutle; 4 *Whart.* 358, Walker *v.* Geisse; 16 *Wend.* 661, Smith *v.* Vanlaaer.

PER CURIAM.—The affidavit of defence discloses that there was a failure of the consideration of the note as between the maker and the payee, and that the endorsee took it from the latter as a *collateral* security for an antecedent debt due to him from the payee. It was in no manner to be in satisfaction of the original debt *till paid.* The endorsee does not then stand, in legal con-

templation, as a bona fide holder, for a valuable consideration, so as to be freed from the equities between the maker and the payee. See 4 *Whart.* 258.

Rule discharged.