6ws221<br>
148  499

## Brown *against* Street.

In a suit by the holder against the maker of a negotiable note, the plaintiff cannot be called on to prove the consideration between himself and the payee, unless it be shown that the note was obtained or put into circulation by fraud or undue means.

ERROR to the District Court for the city and county of *Phila-delphia*, in which an action on the case was brought by Thomas Street against John M. Brown & Benjamin Lowerre, trading under the firm of Brown, Lowerre & Co., on the following promissory note, a copy of which was filed:

$667.
"*Philadelphia*, *May* 10, 1841.
Twelve months after date we promise to pay to the order of Samuel H. Aldridge, six hundred and sixty-seven dollars, without defalcation, for value received.

BROWN, LOWERRE & Co.

(Endorsed)  S. H. ALDRIDGE,
Thos. STREET."

The following affidavit of defence was filed:

" John M. Brown, being duly sworn, says, that the defendants have a just and true defence to the whole of the plaintiff's demand in this case; that the note in question was given to S. H. Aldridge, a retiring partner of the defendants' firm, in anticipation of his share of the stock and debts of said copartnership, under the belief of defendants and the assurance of Aldridge, that the said debts and stock would realize more than the said amount, and upon no other consideration whatever: that said Aldridge had been in said partnership about two years, and had put in no capital but had drawn out about $4000; that said stock and debts have since

VI. — T*

turned out so different that said Aldridge is now in debt to said copartnership the whole of said $4000 ; that after the date of the said note, viz. in July 1841, the parties did agree that said Aldridge should be paid the said note, no matter how the accounts should result, but upon the express condition that said Aldridge should not, within four years from said time, enter into the same trade as defendants, which agreement the said Aldridge has broken, and he is now interested in and carrying on said trade; that the said plaintiff is a particular and intimate friend of said Aldridge, and deponent believes that Aldridge is the real plaintiff, who uses the name of Street to accomplish the recovery of the note in question. The consideration of said note has totally failed; and if said Aldridge succeeds, through the name of Street, in obtaining payment of the same from the defendants, the defendants will suffer great injustice."

The court entered judgment for want of a sufficient affidavit of defence, which was now assigned for error.

*Hirst*, for the plaintiffs in error, referred to *Stitt* v. *Garrett*, (3 Whart. 281).

*St. George Campbell*, contra, was not heard.

The opinion of the Court was delivered by

ROGERS, J.—The affidavit of defence amounts to nothing more than the defendant's belief that the payee is the real plaintiff, and that the name of Street is used for the purpose only of accomplishing the recovery of the note in suit. And the reason on which the belief is grounded is that the plaintiff is the particular and intimate friend of the payee. He avers that the consideration of the note has totally failed, and that if Aldridge succeeds in obtaining payment by using the name of Street, the defendants will suffer great injustice. The affidavit discloses a legal defence against the payee, and it would be equally good against the plaintiff, if there was collusion between the former and the holder of the note; but of this material fact there is no averment but an assertion of the defendant's belief that the transaction was colourable only ; nor is there an averment from which we can fairly suspect any unfairness as to put the plaintiff on proof of the consideration passing between the payee and the plaintiff. The plaintiff is the holder of a note which is negotiable; and to put him on proof of consideration as between him and the payee, it must be shown that it was obtained or put into circulation by fraud or undue means. Some fact must be alleged from which we can reasonably infer that the note came into the hands of the holder by fraud or without consideration; but the allegation that the plaintiff was the intimate and particular friend of the payee, creates not even a shade of suspicion of any collusion whatever. *Knight* v. *Pugh*,

[Brown v. Street.]

(4 *Watts & Serg.* 445). Unless the affidavit sets out a legal defence, the plaintiff is entitled to judgment; and here every fact in the affidavit may be true to the letter, and yet the defendant may have no defence; for how will the defendants' belief avail them, unless they are able to support their allegation by proof?

Judgment affirmed.