## Sterling *versus* The Mercantile Mutual Insurance Company of Philadelphia.
## Caldwell *et al. versus* The Same.

It was no defence to an action on a premium note, that the company became insolvent before the expiration of the policy.

An affidavit of defence, averring in general terms that the insurance company was a fraudulent corporation, without any real means or ability to pay losses, as the defendant was informed and believed, is not sufficient to prevent judgment. If fraud is the defence, it must be shown in what it consisted.

ERROR to the District Court of *Allegheny county.*

These were two actions of *assumpsit,* brought by The Mercantile Mutual Insurance Company of Philadelphia, the one against Mark Sterling, as endorser of a premium note for $600, made by P. A. Alford, captain, and for the owners of the steamboat White Cloud; and the other against Caldwell & Brother, as endorsers of a premium note for $450, made by Mark Sterling, for the steamboat Paul Jones, and owners.

The notes sued upon were as follows:—

"$600.                    Pittsburgh, March 4th 1857.
Nine months after date, we promise to pay to the order of Mark Sterling, six hundred dollars, without defalcation, for value received. Payable at the Pittsburgh Trust Co.

WHITE CLOUD.
P. A. ALFORD, Capt. boat and owners.

(Endorsed) "M. STERLING."

"$450.                    Pittsburgh, February 7, 1857.
Nine months after date, we promise to pay to the order of Caldwell & Bro. four hundred and fifty dollars, without defalcation, for value received.

Payable at the office of Wm. P. Jones, agent Mercantile Insurance Co., Pittsburgh.

For steamboat Paul Jones, and owners,
M. STERLING.

(Endorsed) " CALDWELL & BRO."

In the first of these cases, Sterling, the defendant, put in the

[Sterling *v.* The Mercantile Mutual Insurance Company.]

following affidavit of defence; and a similar affidavit was filed by Caldwell & Brother, in the other case:—

Mark Sterling, defendant in above case, being duly sworn, according to law, saith: that he hath a just and legal defence to the whole of plaintiff's claim in the above case, as he is instructed and believes; that defendant is sued as endorser of a note drawn by P. A. Alford, Captain, and for the owners of steamboat "White Cloud," to the order of defendant, for the sum of $600, dated at Pittsburgh, March 4, 1857, at nine months; that said note was given to William P. Jones, agent of the plaintiffs, for the full amount of one year's insurance of steamboat "White Cloud;" which insurance was effected on the 4th of March 1857, and would expire on the 4th of March 1858. The plaintiffs (the Mercantile Mutual Insurance Company of Philadelphia), during the fall of A. D. 1857, failed, and are utterly unable to meet their liabilities; and deponent is informed, and verily believes, that during the whole year of A. D. 1857, said Insurance Company was insolvent, and utterly unable to pay any losses that might have happened on said steamboat, she being insured for about $6500, and that said company was a fraudulent corporation, without any real means or ability to pay losses or other liabilities, as your deponent is informed and believes. Your deponent is unable to state the precise time of the failure of said company, but believes, from information received, that it was in the fall of A. D. 1857, about five or six months before the expiration of the policy of insurance.                    M. STERLING.

Sworn and subscribed before me, this 2d day of June 1858.
                    JOHN BIRMINGHAM,
                         *Prothonotary.*

The rule of the court below, on the subject of affidavits of defence, provides as follows: that—"In all actions hereafter instituted in this court, on bills, notes, bonds, or other instruments of writing for the payment of money, on book accounts, in all actions on contracts for the loan or advance of money, whether the same be in writing or not, in all actions of *scire facias* on mortgages, and liens of mechanics and material-men, under the Act of 17th March 1856, and the various supplements thereto, and in all actions of debt or *scire facias* on recognisances, judgments, or other records, the plaintiff may enter judgment by default, at any time after the return day and ten days' service of the writ; provided, he has filed a declaration, if a declaration be necessary, and provided the writ has been duly served; notwithstanding an appearance by attorney, unless the defendant shall have previously filed an affidavit of defence, stating therein, specifically and at length, the nature and character of the same."

[Sterling *v.* The Mercantile Mutual Insurance Company.]

The court below gave judgment for the plaintiff, in both cases, for want of a sufficient affidavit of defence; which was here assigned for error.

*Carnahan*, for the plaintiffs in error.

*D. Reed*, for the defendants in error.

The opinion of the court was delivered by

THOMPSON, J.—It is very clear, that the affidavit of defence in this case was insufficient. The defendant swears "that he is informed and verily believes" that the company was insolvent during the whole of the year 1857, and that it failed five or six months before the expiration of the policy of insurance. But he does not aver, and of course could not, but that, notwithstanding an inability to pay liabilities, the assets of the company were sufficient to have paid a portion, if not the entire loss that might have occurred to the steamer "White Cloud." No loss occurred, however, and no consequent injury from want of ability to pay ensued. But whether or not, the liability of the company existed all the while. The legal obligation to pay was not weakened by inability to pay. The contract stood upon promise for promise. It would hardly be thought of, as a valid defence for the company, if the insolvency had existed on the other side, that because the premium note might not have been collectable, that they could not have been compelled to pay in case of loss. That is but an inversion of the case. The ultimate value of the promise by the company, which was the consideration for the promise on the other side, is not the test of obligation. The parties must be presumed to have considered of this before contracting. It is the validity of it, that is to be considered in a case like this. That remaining, the contract remains, for this was what the insured contracted for. And this view of the case upon principle might be sufficient. But a case of Hone *v.* Boyd has been cited from 1 *Sandford's Rep.* 481, in which the very point is ruled, that the insolvency of the insurance company was no defence to a recovery on the premium note.

The incidental allegation, for it is no more, that the company was a "fraudulent corporation," under the qualification that the defendant is "informed and verily believes" it was so, does not aid the affidavit. There is no averment of fraud or trick, or concealment, to induce the insured to enter into the contract of insurance. Nor are there any facts disclosed to show in what it was fraudulent. It is quite possible for a party to be of opinion that an inability to pay losses constitutes the corporation a fraudulent one. To different minds, different acts might be considered fair or fraudulent, hence the necessity of the rule which requires

[Sterling *v.* The Mercantile Mutual Insurance Company.]

that the affidavit of defence shall "state specifically and at length" the "nature and character" of the defence, so that the court may be able to see that there is a defence that calls for a trial. If fraud is the defence, it must appear in what it consisted. In Brown *v.* Street, 6 *W. & S.* 221, it is said that the facts constituting the defence must be stated. So in Moore *v.* Somerset, *Id.* 262. So too the facts must be positively averred to exist, Walker *v.* Geisse, 4 *Wh.* 257; Lord *v.* The Ocean Bank, 8 *Harris* 386, which is not a characteristic of this affidavit.

We think there was no error in entering judgment in this case.

Judgment affirmed.