## Laber *versus* Steppacher et al.

1. The retention of a check, without presentation for payment, for a considerable time after its date, will cast discredit upon it, and one who then receives it will be put upon inquiry. But the mere fact that a person receives a check two or three days after its date, without notice or inquiry, does not necessarily subject him to the objections which the maker could have made against it in the hands of the payee.

2. Under the circumstances of this case, *Held*, that the lapse of two or three days after the date of a check payable to A. or bearer, was not sufficient to put a party who received the same, for a valid consideration, upon inquiry in regard to the consideration on which it was drawn.

March 20th 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON and CLARK, JJ., absent.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county:* Of January Term 1883, No. 173.

Assumpsit, by Isaac Steppacher and Edwin Arnold, trading as Steppacher & Arnold, against John Laber, upon the following check:

"Philadelphia, March 16th 1881.

"The National Security Bank pay J. M. Moyer or bearer two hundred and eighteen 50-100 dollars.  JOHN LABER."

The defendant filed the following plea:

"And for a plea in this behalf the defendant by leave of the Court saith that the plaintiffs ought not to have or maintain their said action against him because he saith that the said insirument in writing was by him made at the house and in the presence of the said J. M. Moyer in order to transfer funds from him the defendant as treasurer of the General German Workingmen's Beneficial Society to the person or persons then and there present, which said person or persons was or were to take and hold the same under the direction and for the sole use and benefit of the said the General German Workingmen's

[Laber *v.* Steppacher.]

Beneficial Society; and it was then and there, to wit, the day and year aforesaid, to wit, at the county aforesaid, agreed that the said instrument in writing was not to become due and payable for a long period of time, to wit, for the period of ten days thereafter. And the defendant further saith that before the lapse of the said period of time the said the General German Workingmen's Beneficial Society ordered and directed the defendant that he do not pay the moneys in the said instrument of writing mentioned and directed to be paid according to the tenor and effect of the same, and that he cause the said the Security National Bank to refuse to pay the same, of all which he the defendant forthwith and before the lapse as aforesaid of the said period of time gave the said person and persons to whom the said instrument had been given as aforesaid, notice, and whereof and before the lapse of the said period of time as aforesaid the plaintiffs in this cause likewise had notice. And this the defendant is ready to verify. Wherefore he prays judgment, &c."

On the trial, before Thayer, P. J., the *following facts* appeared :—Laber was treasurer of a beneficial society which became embarrassed and unable to continue business. A committee of seven members was appointed to collect and distribute the assets. Laber owed the society money which he failed to pay. A new treasurer was elected in his place, and a committee of three was appointed to settle with Laber. They caused him to be arrested on a charge of embezzlement, and in order to effect a settlement Laber gave the check in suit to J. M. Moyer, the attorney acting on behalf of the committee of three, saying at the time that he had *no money in bank*, but that if presentation was delayed until the following Monday he would make a deposit to meet it. The check was given on Wednesday, March 16th 1881. The society permitted Moyer to retain the check, in payment of fees due him, and on the Friday following Moyer passed it to the plaintiffs in a business settlement for a full consideration, without notice to or inquiry by the plaintiffs as to the circumstances under which the check had been given. On the same day the committee of seven, by their attorney, notified Laber to pay no money belonging to the society to any one except said committee; whereupon Laber notified Moyer that he would not pay the check nor make any deposit to meet it. Moyer received this letter a few hours after he had passed the check to the plaintiffs.

The court charged the jury, inter alia, as follows :

"Taking a check after it is due is not alone notice of itself. It would seem from the testimony that the check was given on a Tuesday or Wednesday, and Mr. Laber, having no money in bank, requested that it should not be presented until the fol-

[Laber v. Steppacher.]

lowing Monday, when he would make it good. According to the testimony of Mr. Moyer, he paid the check to the plaintiffs on Friday. The fact that the check was taken by the plaintiffs two or three days after its date is a fact for the jury, and any other facts in connection with it might be received to show that the holder was put upon inquiry, but the fact standing alone is not notice of the defense here set up. It is not denied that Laber owed the money, and there is no reason that I can see why he should not pay it. The secretary testified that the society was indebted to Mr. Moyer, and paid the check to him, and if that is so, a payment by Mr. Laber, even if it was the society's money, would be a payment by the society and they would be bound and Mr. Laber with it."

Verdict and judgment for the plaintiffs for $240.10. The defendant took this writ of error, assigning for error, inter alia, the portion of the charge above quoted.

*Wm. W. Willbank* (*D. M. M. Collins* with him), for the plaintiff in error. One who takes an over-due check, without inquiry, is affected by the equities existing between the original parties: Down *v.* Halling, 4 B. & C. 330; Cowing *v.* Altman, 71 N. Y. 440; Lancaster Bank *v.* Woodward, 6 Har. 357; Clay *v.* Cottrell, 6 Har. 413. The court was too emphatic in stating as facts what should have been submitted to the jury to find from the evidence, and in the portion of the charge assigned for error virtually instructed them to find for the plaintiff.

*J. M. Moyer*, for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, April 2d 1883.

It must be conceded that a check may be retained so long after its date, without presentation, as to cast discredit on it. No such length of time had elapsed in this case. The check was drawn and delivered on Tuesday or Wednesday. The drawer said he had no money in bank then, and requested the payee to hold it until the Monday following. Two or three days after its date the payee passed it to the defendants in error for a valuable consideration. This time was not so long as to put them on inquiry in regard to the consideration on which it was drawn: Walker *v.* Geisse, 4 Whar. 256. It was presented for payment on the following Monday.

No question as to an indorser being discharged from liability by delay in presenting the check for payment, nor of a failure of the bank in the mean time, arises in this case. The defence is by the drawer of the check. He seeks to attack the consideration, and show that it was improperly obtained from

[Miller *v.* Glentworth.]

him. As the defendants obtained it in good faith and for a
valuable consideration at the time stated, it cannot be impeached
in their hands.

· We further agree with the learned judge that inasmuch as
the plaintiff in error undoubtedly owed the money for which
the check was given, no good reason is shown why he should
not pay it. The assignments of error are not sustained.

Judgment affirmed.