### Alexander *v.* Hunsberger, Appellant.

*Master and servant—Contract of employment—Fraudulent representations—Affidavit of defense—Insufficient averment.*

In an action to recover compensation under a written contract of employment, an affidavit is insufficient which alleges fraud, because the employment of the plaintiff did not result in the profits which he had represented would follow his association with the company.

The representations set forth by the plaintiff were expressive of the results expected to be produced by his work. The fact that these representations were not realized is not evidence of fraudulent conduct. There must be something more advanced, as a defense, than the averment that the conduct of the person making the representations was fraudulent. There must be such a declaration of facts as would, if proved, establish a fraudulent purpose in making the statements; the affidavit of defense must contain more than an inference or conclusion. There must be specific averments of intentional misrepresentations as to existing facts which were the inducement of the defendant to assume the obligations.

Argued November 20, 1925. Appeal No. 313 October T., 1925, by defendant from judgment of Municipal Court of Philadelphia County, June T., 1920, No. 307, for plaintiff for want of a sufficient affidavit of defense in the case of Morton Alexander v. Ambrose Hunsberger. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for services rendered under a written contract of employment. Before BROWN, J.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the plaintiff had been guaranteed a salary by the President of a trust company, in his individual capacity, until such time as the plaintiff could be employed by the trust company. The terms of the employment were set forth in a letter written by the defendant to the plaintiff. Following the acceptance of these terms, the plaintiff entered upon his duties and worked for a period of three and one-half months. Upon his demanding his compensation, the defense was advanced that he had misrepresented his abilities and the profits which would result from his employment.

The court made absolute the rule, and entered judgment for plaintiff in the sum of $1925.00. Defendant appealed.

*Error assigned* was the judgment of the Court.

*Jay C. Bossard,* and with him *Joseph R. Wilson,* for appellant.

*Barry H. Hepburn,* for appellee.

OPINION BY HENDERSON, J., December 14, 1925:

The contract set forth in the statement of claim is a personal obligation of the defendant. The recitals therein explain the motive of the defendant in creating the liability. The plaintiff undertook the service contracted for and has not received his compensation. The defense is that the obligation was obtained fraudulently. The alleged fraudulent representations are thus set forth in the affidavit of defense: "the contract referred to in plaintiff's statement of claim as Exhibit 'A' was entered into upon the representations of plaintiff that, on account of his (plaintiff's) financial standing, his influence among business houses, his

ability to interest new stockholders, and that he could sell the remaining capital stock of the company by January 1st, 1925; that he could materially increase the deposits of the said Trust Company if he were made vice-president". The defendant alleges he believed these representations to be true and was thereby induced to write the plaintiff what is set out in plaintiff's Exhibit "A". The affidavit further avers "that defendant refused and still refuses to make any payment to plaintiff on account of having been falsely and fraudulently led into the writing of the said plaintiff's Exhibit 'A'." The default is said to be that the representations were not true and that instead of the deposits of the trust company increasing they decreased during all of the time the plaintiff remained as vice-president. The learned judge of the court below held the affidavit to be insufficient, and properly so, as we view it.

It is wholly lacking in the specific averment of any act of the plaintiff which was fraudulent. The representations set forth are expressive of results expected to be produced by the work of the plaintiff. The fact that these expectations were not realized is not evidence of fraudulent conduct. There must be something more in such an affidavit than the averment that the conduct of the person making the representations was fraudulent. There must be such a declaration of facts as would, if proved, establish a fraudulent purpose in making the statements; the affidavit must contain more than an inference or conclusion. Assuming all that is alleged to have been said by the plaintiff to be correct and that the deposits of the bank decreased, an inference of fraud in obtaining the defendant's signature does not necessarily arise. There should have been specific averments of intentional misrepresentation as to existing facts which were the inducement to the defendant to assume the obligations: Sterling v.

The Mercantile Co., 32 Pa. 75; Little v. Thropp, 245 Pa. 539. The objection to the judgment is not sufficient to support a reversal.

The judgment is affirmed.