## Buckley *versus* Columbia Insurance Co.

In a suit by a mutual insurance company to recover assessments on a premium note the defendants showed that the assessments were largely in excess of the liabilities of the company, but it appeared that the amount the company was able to collect from the assessments was a sum much less than their liabilities; Held, that the company could recover.

January 20th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of January Term 1879, No. 95.

[Buckley *v.* Columbia Ins. Co.]

Assumpsit by the Columbia Insurance Company against John Buckley and others, trading as Buckley & Co., to recover assessments made upon a premium note of defendants given by them for $1350. A *narr.* was filed, with special counts, to recover assessments made January 9th 1875, of 8, 20 and 10 per cent., total 38 per cent., and assessment made same date for 25 per cent. of said note—altogether for the sum of $850.50.

The defendants pleaded "non assumpserunt payment with leave," &c.

The plaintiff is a mutual insurance company, incorporated by the Act of February 25th 1860, Pamph. L. 81. It was provided in said act that the members of the company should be liable for the expenses and losses of the company in proportion to the amount of their deposit notes; and that when an assessment had been mâde on a premium note given for a policy of insurance, and an action brought for the recovery of the assessment, the certificate of the secretary of the company should be prima facie evidence of the assessment and the amount due. In September 1871, the defendants took out a policy for $3000, for which they paid a cash premium of $67.50, and gave a premium note for $1350, the policy to run for five years. On the 9th of September 1872, they again paid $67.50 cash premium.

In 1872, the company called for another assessment of 7 per cent., and in 1873, one of 6 per cent., and in 1874, one for a like amount. These assessments were respectively entitled 14, 15 and 16. By the certificate of the secretary of the company, it appeared that on the 9th of January 1875, the company called for assessment No. 17 of 25 per cent, and on the same day one for 38 per cent. to cover liabilities which previous assessments had failed to meet. "This last was designated the deficiency assessment." Suit was brought to recover this last assessment and No. 17, and the plaintiff recovered, but this court reversed the court below on the ground that they had failed to instruct the jury that it was necessary for the company to prove notice of the assessments (see report of case, 2 Norris 298). At the second trial, the plaintiff proved the above facts and that notice had been given to defendants. The latter then gave evidence to show that the assessments had been excessive, amounting to $119,500, while the total liabilities of the company were only $51,129.33. It appeared, however, from the testimony of defendant's own witnesses and on cross-examination, that the amount received from the various assessments did not exceed $35,000, because a number of the makers of the premium notes were insolvent, and others had contested the company's claims.

In charging the jury, the court, Yerkes, J., inter alia, said:—

"That by law, directors are vested with authority to make assessments to meet losses, and that a reasonable discretion must be

allowed, and it is not a defence unless the directors fraudulently or wantonly abused their power to make the assessment too large."

The verdict was for the plaintiffs, and after judgment thereon, the defendants took this writ and made a number of assignments of error, the thirteenth being the above assignment.

*Andrew Zane, Jr.*, and *David C. Harrington*, for plaintiffs in error.

*Sharp & Alleman* and *H. M. North*, for defendants in error.

Mr. Justice GORDON delivered the opinion of the court, February 9th 1880.

The thirteenth assignment of error is the only one that needs consideration, the others are not sustained. This assignment excepts to the charge and is as follows: "That by law directors are vested with authority to make assessments to meet losses, and that a reasonable discretion must be allowed, and it is not a defence unless the directors fraudulently or wantonly abused their power to make their assessment too large." The statement of the law as herein contained, without explanation, is too broad, and, considered aside from the facts, would be good cause for reversal. But, prima facie, by the act of incorporation, the certificate of the secretary is evidence of the rectitude of the assessment and of the amount due. Furthermore, as was said, by our brother, Mr. Justice TRUN-KEY, in Rosenberger v. Washington Fire Insurance Co., 6 Norris 207, "Managers may exercise a reasonable discretion in fixing the amount to be raised, for the charter must be construed in reference to its practical working." It, therefore, rested with the defendants to show that the assessments were so excessive as to be, in themselves, evidence of fraud or gross negligence. If, then, they had so arranged their evidence as to have proved the statement exhibited, showing assessments amounting to $119,000 to meet liabilities of only $51,000, and nothing more, they would have made out their case. But unfortunately for them they did much more than this; they proved that the company was on the verge of insolvency, and therefore had need of all its assets. From this view of the case the officers of the company instead of assessing too much did not assess enough. Furthermore, it was proved by a witness called by the defendants, that out of assessments Nos. 14, 15 and 16, amounting, in all, to $35,000, but $14,500 were collected; by another, that of assessment No. 17 ($45,000), but $6000 were realized, and finally, of the deficiency assessment A ($100,000), as yet, only $15,000 had been collected. Thus, when all is summed up, there has not been enough received to meet the liabilities and expenses of the company. It also appears, from the testimony of these same witnesses, that the reason for these meagre returns, from assessments so large,

is discovered in the fact that about one-third of the premium notes, held by the company, are worthless, because of the insolvency of the makers, and many of the others, like those of the defendants, are in process of litigation, and are therefore not available.

Thus it is, that the defendants, themselves, have shown good and substantial reasons for the assessments complained of; have shown that these officers have but complied with their duty in thus endeavoring to rescue the company from its embarrassments and save it from total insolvency.

Under a showing such as this, the error of the judge of the court below was harmless, since his charge upon this point might, and, perhaps, ought to have been binding.

Judgment affirmed.