## Fidelity Mutual Fire Insurance Co. v. John Hancock, Appellant.

*Practice, C. P.—Affidavit of defense—Insurance—Assessments.*

A mutual assurance company has a reasonable discretion in determining the amount of an assessment in view of the liabilities and, in a suit to collect assessments duly made, an affidavit of defense is insufficient which at most alleges that the amount is more than necessary to pay losses and expenses. It should have stated with precision facts relied on to show that there was fraud or gross mistake in the assessment.

Argued Oct. 18, 1898. Appeal, No. 77, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 968, for want of a sufficient affidavit of defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record and evidence that this was an action of assumpsit brought to recover assessments on a mutual policy of fire insurance issued in June, 1895, for one year for $1,000 upon an annual payment of $30.00. The clause in the policy under which plaintiff sought to recover, is as follows:

"In consideration of the stipulations herein named and of Thirty Dollars premium, and by accepting this Policy the Assured hereby agrees to pay said Insurance Company such further sums at such times as the Board of Directors shall assess and order pursuant to the Charter, the By-Laws, and Laws of this State, providing such assessment shall not exceed three times the amount of the annual premium paid."

It was alleged in the affidavit of defense that "the assessment was irregular, and for an amount far in excess of the company's then indebtedness. That the statement is defective in that it does not set forth the amount of the loss actually sustained by the plaintiff company, as is required under the act of assembly, and that if any liability existed, the defendant is only entitled to recover the amount of the premium upon the policy of insurance actually in existence at the time of the assessment, to wit: $484.66, and not upon $1,000.

"Defendant further avers that if an assessment had been regularly made, that it was for more money than was necessary to pay the losses and necessary expenses of the company then due, to wit: on January 12, 1898, as it is shown by an examination of a copy of the statement furnished by plaintiff's company to the insurance commissioner on December 31, 1897, by the plaintiff, that the liabilities of the company were then only ten thousand one hundred and forty dollars and thirty cents ($10,140.30), and that the gross amount of the cash premiums and assessments not more than three months due, were twenty-one thousand nine hundred and sixty-two dollars and seventy cents ($21,962.70), which taken together with the gross amount of cash premiums and assessments over three months due, fourteen thousand two hundred and forty-five dollars ($14,245), makes a total of thirty-six thousand two hundred and eight dollars ($36,208), to meet a contingent liability of ten thousand one hundred and forty dollars and thirty cents ($10,140.30), being an excess of over $2\frac{1}{2}$ per cent."

Judgment for plaintiff for $113.65. Defendant appealed.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*John MacDonald*, for appellant.—Where an insurance company, although organized upon the mutual plan, has the power to issue cash policies, the mere fact of membership does not necessarily imply the liability to assessment: Schimpf v. Ins. Co., 86 Pa. 373 ; Ins. Co. v. Com., 10 W. N. C. 228 ; Given v. Rettew, 162 Pa. 638.

In actions for assessments it must affirmatively appear not only that losses have occurred, but that the assessment has been legally made: Bliss on Life Insurance (2d ed.), sec. 428.

The statement made to the insurance commissioner shows that if the assessment was made, it was in fraud of defendant's rights or carelessly and negligently made: Ins. Co. v. Gackenbach, 115 Pa. 493.

*C. F. Eggleston*, with him *W. W. Weigley*, for appellee.—The affidavit of defense is evasive and intended to mislead the court. Defendant avers that the policy was long since transferred, but fails to state when or that the company agreed to the transfer. He alleges that his policy was reduced after its issuance to $484.86, and claims that he should only be liable proportionately; but fails to explain to the court when or how his policy was reduced, and that it was actually reduced by defendant being paid the difference, to wit: $515.14, for a loss by fire.

The Act of May 1, 1876, P. L. 53, sec. 56, has no bearing on the case before the court, which must be ruled entirely by the affidavit of defense law: Ins. Co. v. Groff, 154 Pa. 200.

The only requisites for the statement are that an assessment was duly levied upon defendant's policy for losses occurring while that policy was in force; that defendant received due and legal notice of this assessment and had refused to pay it. The presumption is in favor of the propriety of the assessment: Ins. Co. v. Groff, 154 Pa. 200; Hummel's Appeal, 78 Pa. 320; Buckley v. Ins. Co., 92 Pa. 501.

OPINION BY ORLADY, J., February 17, 1899:

The defendant substantially admits in his affidavit of defense that he became a member of the plaintiff company by purchasing and accepting his policy, and paying a premium thereon for one year; and that he had received a full, due, and legal notice of the assessments for which this suit was brought. He discloses no fact which shows any fraud or mistake in determining the amount of the assessment, and at most alleges that the amount is more than necessary to pay losses and expenses. He is not required to furnish an audit of the business of the company, but should state with precision the facts on which he bases his allegation, to show that there was fraud or gross mistake in the assessment, or a sufficient reason for the omission should be given, as he was a member of the company, and had not only access to the books but did in fact examine them. The

company has a reasonable discretion in determining the amount of an assessment in view of the liabilities: Buckley v. Ins. Co., 92 Pa. 501.

As he does not print the policy of insurance attached to and made a part of the plaintiff's statement, we do not have before us the conditions and provisions under which the assessment was made, except those set out in the body of the statement, which, standing alone, are adequate to fully sustain the demand.

The affidavit is not sufficient, and the judgment is affirmed.