# People's Mut. F. Ins. Co. *v.* Groff, Appellant.

*Fire insurance—Mutual companies—Assessments.*

The managers of a mutual fire insurance company may exercise a reasonable discretion in fixing the amount of an assessment, having in view the losses and practical workings of the company, and the possibility of making collections. The presumption is in favor of the propriety of the assessment.

In an action to recover an assessment, where the statement avers that the assessment was " duly " made, an affidavit of defence is insufficient which avers that the " company does not require the assessment sought to be collected in this suit to pay losses and necessary expenses of the company," and sets forth a statement of the condition of the company six months after the assessment was made.

*Affidavit of defence law—Act of May 1, 1876.*

The affidavit contemplated by the act of May 1, 1876, § 56, P. L. 53, relating to assessments made by mutual insurance companies, has reference to the method of proof upon the trial, and not to the exigencies of the affidavit of defence law. Whether or not an affidavit embodying the averment specified in the statute is also sufficient to prevent judgment under the affidavit of defence system, is to be determined by reference to the principle pertaining to the latter.

*Penalty for nonpayment of assessment.*

A mutual insurance company may enforce a penalty of twenty-five per cent provided for in the policy, for nonpayment of assessments.

Argued Feb. 28, 1893. Appeal, No. 178, July T., 1892, by defendant, from order of C. P. Berks Co., June T., 1892. No. 56, making absolute a rule for judgment against defendant, Christian M. Groff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit to recover insurance assessments.

The facts appear in the following opinion of the court by ENDLICH, J.:

" This suit is for the collection of a ten per cent assessment made June 10, 1891, upon defendant's policy, and an additional amount of twenty-five per cent thereof, chargeable on failure to pay on thirty days after notice. The affidavit of defence filed avers (1) that, on December 31, 1891, the liabilities of the company are, in its report to the insurance commissioner, stated to be $13,897.85, and the insurance in force $603,026, an assess-

ment of ten per cent of which, exclusive of penalties, would make over $60,000; (2) that the company does not require the assessment sought to be collected in this suit to pay losses and necessary expenses; and (3) that the twenty-five per cent addition is illegal, unconscionable and unauthorized penalty.

" 1. As a defence the first allegation seems irrelevant. The test of the lawfulness of the assessment, in so far as it depends upon percentages, would be the amount of the assets and liabilities at the time when it was made.

" 2. By act of May 1, 1876, P. L. 53, § 56, it is provided as follows : ' That the certificate of any mutual fire insurance company . . . . setting forth that the assessment has been made . . . . and the amount due . . . . shall be prima facie evidence thereof in all courts of this commonwealth; but in all cases . . . . against any member in any such company in which such member . . . . may . . . . within the time prescribed by law, file an affidavit setting forth . . . . that the assessment is for more money than is necessary to pay the losses and necessary expenses of said company . . . . such certificate shall cease to be evidence of anything whatever, and said company shall be compelled to prove its claim as other claimants do.'

" The purposes to be served by this affidavit contemplated by this statute have reference to the method of proof upon the trial, and not to the exigencies of the affidavit of defence law. Whether or not an affidavit embodying the averment specified in the statute is also sufficient to prevent judgment under the affidavit of defence system, is to be determined by reference to the principles pertaining to the latter.

" It was decided in Ashman v. Weighly, 1 Adv. Rep. (L. I.) 487, that since the express terms of the procedure act of May 25, 1887, require the defendant to reply by affidavit to the plaintiff's statement, all averments therein not denied by the affidavit must, upon a rule for judgment, be taken as admitted. The statement avers that the assessment was ' duly ' made, i. e., properly, fitly, regularly, in a suitable or becoming manner : Beale v. Com., 25 Pa. 11, 21; according to law : Gibson v. People, 5 Hun (N. Y.), 543; in compliance with the requirements of the law : Dunning v. Coleman, 27 La. An. 48. There being in the affidavit no denial of this averment, it must be taken as admitted. If, however, the assessment, at the time when it

was made, was lawful, then the fact that the company does not require the assessment sought to be collected in this suit can be no defence; for the liability of the defendant was complete at the time of the making of the assessment, and he cannot, in equity and fairness towards his fellows, be permitted to evade it now.

"But assuming that the affidavit is to be understood as declaring that, at the date of the assessment it was greater than what was required by the company for the payment of the losses and necessary expenses, it is still in no better case. As a member of the company the defendant has submitted himself to the acts of the managers, as his representatives, in making assessments to meet losses, etc.: Hummel's Ap., 78 Pa. 320, 325. They may exercise a reasonable discretion in fixing the amount, having in view the losses and practical workings of the company: Rosenberger v. Ins. Co., 87 Pa. 207; and the possibility of making collections: Buckley v. Ins. Co., 92 Pa. 501. The presumption is in favor of the propriety of the assessment: Hummel's Ap., ubi supra. Liability upon it can be avoided only by showing fraud or gross mistake: Rosenberger v. Ins. Co., supra, page 212; and it can only be where something is shown to ground an inference of the one or the other that the burden of proving the contrary can be imposed upon the company: Co. v. Dryfoos, 20 W. N. 33.

"Nothing that could serve as the basis of such an inference is disclosed by this affidavit. There is neither an inference of fraud or of mistake; nothing but a naked allegation of excess, which is not even stated to be gross, much less shown by a specification of amounts from which the court might judge as to its reasonableness. The condition of the company six or seven months later, when presumably a large part of the liabilities that called for this assessment had been paid off, and other insurance not bound to contribute towards them had been written, throws no light upon this question. Nor is it an answer to say it would be difficult to specify with exactness. If such were required, it is to be remembered that defendant is a member of the company, with right of access to its books. There is no pretence that this was denied him, therefore the contrary is to be assumed: Kaufman v. Iron M. Co., 105 Pa. 537, 542.

"The twenty-five per cent addition is either to be regarded

as a conventional sum added by way of liquidated damages to indemnify the company and its paying membership against loss, incapable of being otherwise ascertained, resulting from the tardiness or default of a member neglecting to pay within a stipulated time, and therefore lawful on the principle laid down in Westerman v. Means, 12 Pa. 97; Streeper v. Williams, 48 Pa. 450; Powell v. Burroughs, 54 Pa. 329; Wolf Creek, etc., Co. v. Schultz, 71 Pa. 180, and other cases. Or it is to be treated as a reservation of a commission for collection, similar to stipulations usual in mortgages, bonds and notes; in which case the question of reasonableness is not one for the jury: Daly v. Maitland, 88 Pa. 384; and therefore not one to be raised by affidavit of defence. In either aspect the propriety of a claim in this case is demonstrated by the circumstances to be found within the four corners of the record; and, in neither aspect, for more reasons than it would be profitable to enumerate, is the decision in Lynn v. B. & L. Association, 117 Pa. 1, cited by defendant's counsel, at all applicable. There is nothing in this affidavit of defence that can stand in the way of the plaintiff's demand. No other ground has been advanced for denying it the judgment it has asked, and therefore

" The rule to show cause is made absolute."

*Error assigned* was order as above.

*C. H. Ruhl, Daniel Ermentrout* with him, for appellant, cited: Lehigh Valley Fire Ins. Co. v. Dryfoos, 20 W. N. 33; Rosenberger, Light & Co. v. Washington Mutual Fire Ins. Co., 87 Pa. 207; Sinnissippi Ins. Co. v. Taft, 26 Ind. 240; Bliss on Life Ins. 466; Hummel & Co.'s Ap., 78 Pa. 325; Thomas, Receiver, v. Whallon, 31 Barb. (N. Y.) 179; Ins. Co. v. Bixby, C. P. Tioga Co., 15 W. N. 109; Daly v. Maitland, 88 Pa. 385.

*Isaac Hiester*, for appellee, cited: Star B. & L. Association v. Donnelly, C. P. No. 4, Phila. Co., 1 W. N. 636; Endlich on Affidavits of Defence, § 361; Hummel's Ap., 78 Pa. 320; Insurance Co. v. Hartshorne, 90 Pa. 470 ; Kaufman v. Cooper Iron Co., 105 Pa. 541; Gould v. Gage, 118 Pa. 559; Allen v. National Bank of Germantown, 10 W. N. 188; Raine v. Gordon, 5 W. N. 292.

PER CURIAM, March 13, 1893 :

This appeal is from the judgment against defendant for want of a sufficient affidavit of defence to plaintiff's amended statement. In his opinion, sent up with the record, the learned judge of the common pleas has clearly pointed out wherein the affidavit of defence is defective. There appears to be no error in making the rule absolute and entering judgment in favor of plaintiff company for the amount of its claim. For reasons given in the opinion referred to, the judgment should be affirmed.

Judgment affirmed.