# Fidelity Mutual Fire Insurance Company *v.* Dominick Vitale, Appellant.

*Insurance assessments—Presumption of regularity—Sufficiency of affidavit.*

The presumption of law is in favor of the regularity of the proceedings to assess and the legality of the assessment by a mutual insurance company, and this presumption cannot be overcome by a general indefinite denial. General averments of matters which in themselves are legal conclusions from facts not stated are insufficient to carry the case to the jury.

*Practice, C. P.—Affidavit of defense—Certificate of assessment—Act of* 1876.

Under the Act of May 1, 1876, P. L. 53, a certificate of assessment is made prima facie evidence thereof. It is enough for the declaration to state a cause of action; it need not contain matters of evidence that may become necessary on trial should an affidavit be filed by which the probative force of the certificate is lost. The affidavit must exhibit everything necessary to a defense against the liability set forth in the declaration.

Argued Dec. 14, 1898. Appeal, No. 174, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1898, No. 273, for want of a sufficient affidavit of defense. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by SMITH, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that the action was assumpsit to recover assessments levied upon two policies of fire insurance expiring respectively February 15, 1897, and February 15, 1898, The assessment in each case was for the maximum amount allowed by the by-laws of the company, to wit: three times the amount of annual premium paid. Subsequent to the bringing of the suit plaintiff corporation was put in the hands of a receiver, who was then substituted as plaintiff. The affidavit of defense was as follows:

Dominick Vitale, being duly sworn according to law, deposes and says that he is the defendant in the above case, and that he has a just and true defense to the whole of the plaintiff's claim in the above case of the following nature and character, to wit:

that at the time of the insurance of both of the said several policies to deponent as set forth in plaintiffs' statement, defendant is informed and believes that the said plaintiffs were in a hopelessly insolvent condition, and that the assurances and promises of the said plaintiff to indemnify the said defendant against loss by fire for and during the periods of time covered by said several policies, to wit: February 15, 1896, to February 15, 1897, and February 15, 1897, to February 15, 1898, were therefore of no benefit or value to the said defendant, and deponent is also informed and believes that said plaintiffs fully knew and were aware of their insolvent condition at the time of the issuance of said policy to deponent, and the receipt of the premiums paid therefor by this deponent, but that said plaintiffs unlawfully and in violation of their duty towards deponent and of deponent's rights in said premises concealed said condition of insolvency from this deponent.

That said alleged assessments are, as deponent is informed and believes, not the result of a true and correct division or assessment of the losses among the said several policy holders, but were and are excessive and unnecessary, and deponent has also been informed and believes that the said alleged losses did not occur during the periods of time embraced in the lifetime of either of the said policies, and therefore, under the terms and conditions of the said policies, cannot lawfully be assessed against the defendant.

Deponent further says that by reason of said assessments being excessive, exorbitant and unlawful, and deponent's not being legally chargeable therewith, deponent was not liable for the penalty of twenty-five per cent, amounting to the sum of $52.50 for nonpayment of the said assessments, and is not liable for any part thereof, as set forth in said statement.

Deponent further avers that he is informed and believes that a fair and honest appropriation of the premium received by the said company from the several policy holders whose policies were in force at the time of the said alleged losses by fire would render said several assessments unnecessary, at least for the greater part thereof; and deponent is informed and believes that it is not true, and therefore denies, as set forth in plaintiffs' statement, that the losses and expenses of plaintiff company during the time defendant's policies were in force necessitated

an assessment amounting to three annual premiums on each, to wit: $90.00 on policy No. 2668 and $120 on policy No. 20511, and deponent further denies that the said assessments were legally or properly made by the board of directors of said company, as set forth in said complaint.

All of which facts deponent avers to be true, and expects to be able to prove on the trial of the cause.

Judgment was entered for the amount of the assessments, $210, and twenty-five per cent penalty, $52.50; making in all $262.50.   Defendant appealed.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Joseph Murphy*, for appellant.—The affidavit not only alleges insolvency but it also sets forth that the alleged assessments were excessive and unnecessary, and that the losses for which they were levied did not occur in the lifetime of either of the said policies.   Under the 56th section of the Act of May 1, 1876, P. L. 53, it is provided that where an affidavit is filed averring that the assessment is for more money than is necessary to pay the losses and necessary expenses of such company, or that the signatures were obtained by the practice of fraud or false and fraudulent representations, such certificates shall cease to be evidence of anything whatever.   In view therefore of the nature of the affidavit filed by the defendant the plaintiff was bound to show affirmatively the liabilities which made the assessments necessary, and that they were made according to the charter and bylaws : Ins. Co. v. Gackenbach, 115 Pa. 492.

*C. F. Eggleston*, with him *W. W. Weigley*, for appellee.—The presumption of law is in favor of the legality of an assessment, and the burden of proof rests upon the policy holder, to show either fraud or gross mistake, and he cannot do this by making the general assertion; he must show facts and circumstances constituting fraud: Ins. Co. v. Groff, 154 Pa. 200; Ins. Co. v. Rought, 97 Pa. 415.

But it has been firmly settled that a member of a mutual insurance company, who has been induced to become a member by the fraudulent representations of the officers of the company,

cannot set up the fraud as a defense to an action by the receiver of the company for assessments, when other persons have subsequently joined the company as innocent third parties : Dettra v. Kestner, 147 Pa. 566 ; Howard v. Turner, 155 Pa. 349 ; Ins. Co. v. Boggs, 172 Pa. 91 ; s. c. 5 Pa. Superior Ct. 394.

OPINION BY SMITH, J., April 17, 1899 :

This case is not affected by the Act of May 1, 1876, P. L. 53 : Insurance Co. v. Groff, 154 Pa. 200 ; Insurance Co. v. Gackenbach, 115 Pa. 492. By section 56 of that act a certificate of the assessment is made prima facie evidence thereof; but it loses all probative force on the filing of the prescribed affidavit of defense. This provision relates to the evidence and not to the pleading. It is enough for the declaration to state a cause of action ; it need not contain matters of evidence that may become necessary on trial should the affidavit be filed. Here the declaration sets forth, in sufficient detail, the contracts of insurance on which the defendant's liability rests, the necessity for making assessments for payment of losses and expenses, the amount assessed on each policy held by the defendant, due notice to the defendant and his refusal to pay. It recites the specific provisions of the policies relating to assessments, and has attached to it copies of the policies and of the by-laws of the insurance company. It further avers the subsequent issue of some five hundred similar policies. As a whole, it adequately sets forth a cause of action.

The sufficiency of the affidavit of defense is to be tested by familiar principles. It must, either by denial or averment, exhibit everything necessary to a defense against the liability set forth in the declaration.

The insolvency of the insurance company is no defense : Sterling v. Ins. Co., 32 Pa. 75. The assets of a mutual insurance company consist, principally, in the liability of its members to assessment. To admit insolvency as a defense to an assessment, is to hold that there is no liability unless the assessments that may legally be made will prove sufficient to meet all claims. Such a proposition is opposed to its legalized system of business and has no foundation in either reason or authority. The members are bound to pay all lawful assessments, whatever the relation between their aggregate and the demands against the

company.  Even if the alleged concealment of the company's financial condition be deemed fraudulent, under the circumstances appearing here it is no defense, the rights of innocent third parties having intervened : Dettra v. Kestner, 147 Pa. 566.

The allegations of unnecessary, excessive and illegal assessments are not sufficiently specific.  The facts upon which they depend should be set forth so as to enable the court to draw the conclusions.  The argument at bar, that it would be extremely inconvenient to give facts and figures showing the alleged errors and fraudulent calculations upon which the defense is based, cannot be accepted unless we reverse the principle that fraud must be proved and is not to be presumed.  " Nor is it an answer to say it would be difficult to specify with exactness.  If such were required, it is to be remembered that the defendant is a member of the company, with right of access to the books.  There is no pretence that this was denied him, therefore the contrary is to be assumed: " Insurance Co. v. Groff, supra.  In that case also, as in the present, twenty-five per cent was added as liquidated damages for default in payment of assessments, in accordance with the terms of the by-laws and policy, and this was sustained by the Supreme Court.

The presumption of law is in favor of the regularity of the proceedings to assess and the legality of the assessment, and this presumption cannot be overcome by a general indefinite denial.  It has often been held also that general averments of matters which in themselves are legal conclusions, from facts not stated, are insufficient to carry a case to the jury.  The issue now presented is based on the declaration and the affidavit of defense, and upon examination of the latter we must, for the reasons indicated, hold it to be insufficient to prevent judgment.

Judgment affirmed.