## Tanner v. O. M. Weber Company Inc., Appellant (No. 1).

*Insurance—Mutual insurance companies—Suit by receiver—Defenses —Fraudulent inducement to become a member.*

1. A member of a mutual insurance company who has been induced to become a member by the fraudulent representations of the officers of the company, cannot set up the fraud as a defense to an action by the receiver of the company for assessments, where other persons have subsequently joined the company as innocent third parties. The defendant cannot allege that in order to have the rights of any members intervene as against himself they must have known of defendant's membership and been induced to join by reason thereof.

2. In such an action an averment in the affidavit of defense that there was a guarantee fund and persons liable to contribute to such a fund and that the receiver should have first resorted to such fund, or the persons liable for it, is insufficient to prevent judgment; nor can the illegal and fraudulent acts of the directors of the company and the loss of the money collected for the payment of losses and the failure to keep account thereof unknown to the defendant until after the appointment of a receiver, be set up as a defense.

3. An averment in such a case that the losses for which the assessments were made did not occur during the life of the defendant's policies, is insufficient where the averment is in general terms, sets out no particular facts, and is not of sufficient weight to overcome the presumption that the assessment was legally made; and this is particularly the case where the defendant has had access to the books of the company before the preparation of his affidavit of defense.

Argued Oct. 14, 1914.   Appeal, No. 100, Oct. T., 1914, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1913, No. 492, making absolute a rule for judgment for portion of claim as to which the affidavit of defense is insufficient in case of James A. Tanner, Receiver of the Liberty Mutual Fire Insurance Company of Philadelphia, v. O. M. Weber Company, Inc.   Before Rice, P. J., Orlady, Head, Henderson, Kephart and Trexler, JJ.   Affirmed.

Assumpsit to recover assessments levied by a mutual insurance company.

Rule for judgment for want of a sufficient affidavit of defense.

Rule for judgment for that portion of claim as to which the affidavit of defense is insufficient.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for portion of claim as to which the affidavit of defense is insufficient.

*Wm. Y. C. Anderson*, for appellant, cited: Howard v. Turner, 155 Pa. 349; Susquehanna Mut. F. Ins. Co. v. Oberholtzer, 172 Pa. 223; Schofield v. Leach, 15 Pa. Superior Ct. 354; Moore v. Schafer, 18 Pa. Superior Ct. 122; Moore v. Lichtenberger, 26 Pa. Superior Ct. 268.

*C. J. Hepburn*, for appellee, cited: Dettra v. Kestner, 147 Pa. 566; Howard v. Turner, 155 Pa. 349; Susquehanna Mut. F. Ins. Co. v. Oberholtzer, 172 Pa. 223; State Mut. Fire, etc., Ins. Co. v. Smith, 1 Pa. Superior Ct. 470; Capital City Mut. Fire Ins. Co. v. Boggs, 5 Pa. Superior Ct. 394; Fidelity Mut. Fire Ins. Co. v. Vitale, 10 Pa. Superior Ct. 157; Schofield v. Leach, 15 Pa. Superior Ct. 354; Moore v. Schafer, 18 Pa. Superior Ct. 122; Moore v. Litchtenberger, 26 Pa. Superior Ct.

268; Van Dyke v. Baker, 214 Pa. 168; Koehler v. Beeber, 122 Pa. 291.

OPINION BY TREXLER, J., February 24, 1915:

This was an action of assumpsit to recover assessments levied by a mutual insurance company, of which the plaintiff was receiver, from the defendant as holder of certain policies issued by said company. The court entered judgment for a portion of the claim as to which the affidavit was insufficient.

The plaintiff's statement shows a good cause of action in the plaintiff based upon a valid assessment, properly levied, for a proper amount, upon the account of debts and expenses, which the appellant as a member of the company was properly chargeable under the by-laws and terms of the policies.

The affidavit of defense alleges that the defendant was induced to become a member of the company by false representations as to its condition, as to its earnings, its dividends and its resources. It was settled in Dettra v. Kestner, 147 Pa. 566, that a member of a mutual insurance company who has been induced to become a member by the fraudulent representations of the officers of the company, cannot set up the fraud as a defense to an action by the receiver of the company for assessments, where other persons have subsequently joined the company as innocent third parties. That case has been followed by many others to the same effect; the last deliverance of the Supreme Court cited by counsel is Van Dyke v. Baker, 214 Pa. 168.

The plaintiff in the case before us alleges that other members joined the company since the issuing of the policies to the defendant. The defendant, not denying this assertion, answers that these other persons joined the company by reason of the same fraud as was practiced upon it and alleges that its membership in the company was not the inducing cause of their joining the company.

We do not think that the decisions give any support to the theory that in order to have the rights of any members intervene as against the defendant they must have known of his membership and that must have been the inducing cause for their joining. It is not essential that they should have been induced to become members upon the faith of the defendant's membership standing alone but as was said by Justice DEAN in Susquehanna Mutual Fire Ins. Co. v. Oberholtzer, 172 Pa. 223, "it must be assumed they became members in view of the fact that he and other property holders then on the books of the company would share with them the burdens of assessment for losses." The reason is founded on the fact that they have reciprocal duties by reason of their membership and that the new members are as innocent of the fraud as the defendant is. They themselves were defrauded in like manner as it, and they have a right to ask that it shall bear the burden of its connection with the company equally with them and pay its assessment to the liquidation of the debts of the company. As stated in Dettra v. Kestner, 147 Pa. 566, the fraud of the company against the defendant cannot avail as a defense. The defendant retained its policies and membership without any attempt on its part to rescind until a few days before a receiver was appointed and as in Capital City Fire Insurance Co., Receiver, v. Boggs, 5 Pa. Superior Ct. 394, the rights of third parties having intervened, they are entitled to call upon the defendant to respond for its just proportion of the losses sustained during its membership. To the same effect are Fidelity Mutual Fire Insurance Co. v. Vitale, 10 Pa. Superior Ct. 157; Schofield v. Leach, 15 Pa. Superior Ct. 354; Schofield v. Hayes, 17 Pa. Superior Ct. 110; Moore v. Schafer, 18 Pa. Superior Ct. 122; Moore v. Lichtenberger, 26 Pa. Superior Ct. 268, and many others.

The other averments in the affidavit of defense will not avail. It is admitted that the defendant had access to the books of the company, in fact, access was ten-

dered to it and declined.    There is therefore no reason
for its affidavit being vague or general, but it should
give the particular facts upon which it relies.    It states
there is a guaranty fund of the defunct company which
should be in the possession of the receiver, or if not,
suit should first be brought against the persons respon-
sible for the guaranty fund and recovery first had against
them.    It, however, gives no particulars of the nature of
the fund, but asks the court to ascertain the nature of
the fund and further states that the guaranty fund was
used for the payment of losses.    The illegal and fraud-
ulent acts of the board of directors and the loss of the
money collected for the payment of losses and the fail-
ure to keep account thereof unknown to the defendant
until after the appointment of a receiver cannot be set
up as a defense: Dettra v. Kestner, supra.

Moreover, if such misrepresentations were a defense,
it is the duty of the defendant having access to the
books to state in what respect the directors were derelict
in their duty and in what way the fraud upon the com-
pany was practiced.

Another defense set up is that the losses for which the
assessments were made did not occur during the life
of the policies.    The averment in the plaintiff's statement
is that such losses did occur during the lifetime of the
policies and that the losses far exceed the amount of the
assessments.    The allegation of the defendant is in gen-
eral terms, sets out no particular facts and is not suffi-
cient to overcome the presumption that the assessment
was legally made.    The presumption of the law is in
favor of the regularity of the proceedings to assess, and
the legality of the assessments and this presumption can-
not be overcome by a general indefinite denial: Fidelity
Mutual Fire Insurance Co. v. Vitale, 10 Pa. Superior Ct.
157; Peoples Mut. Fire Insurance Co. v. Groff, 154 Pa.
200; Kaufman v. Cooper Iron, etc., Co., 105 Pa. 537.
More particularly is this so where defendant had access to
the books of the company as in this case and could thereby

ascertain whether the assessments were properly made and restricted to the losses occurring during the lifetime of the policies.

We think the court was right in entering judgment as the affidavit of defense discloses no valid defense.

The judgment is affirmed.