## Penn-O-Tex Oil & Leasehold Co., Appellant, *v.* Big Four Oil & Gas Co.

216

Argued October 3, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*W. T. Tredway*, with him *W. Heber Dithrich*, for appellant.—Where a statement of claim does not refer to a prior suit between the same parties, judicial notice cannot be taken of it, for the purpose of entering a summary judgment, even though it was in the same court: Steel v. Levy, 282 Pa. 338; Jamestown I. & M. Co. v. Knofsky, 291 Pa. 60; Jackson v. Myers, 260 Pa. 488; Wilson v. Brown, 269 Pa. 225.

On the right to recover on the covenants running with the land, all of the damages which flow from the negligence of the defendant, we cite the following cases: Washington Natural Gas Co. v. Johnson, 123 Pa. 576; Lowry v. Atlantic Coal Co., 272 Pa. 22; Stone v. Oil Co., 188 Pa. 614; Knupp v. Bright, 186 Pa. 181.

Res judicata is a rule or principle of practice, but every rule and principle of practice has its exception, and it has always been excepted from the principal of res judicata, where the merits of the real case have not been passed upon: Pitts. Construction Co. v. R. R., 227 Pa. 90; Levison v. Blumenthal, 25 Pa. Superior Ct. 55; Shriver v. Eckenrode, 87 Pa. 213; Reading Co. v. Spink, 263 Pa. 445.

*John W. Dunkle,* for appellee, submitted as follows.— The very gist of the right to recover depends on whether a proper assignment was made and therefore under the rule of pleading, a copy of the assignment (if there was one) should have been attached as an exhibit, or a proper reason given for not doing so, so that the court could determine whether an interest in the lease was conveyed.

Assuming, then, that no assignment was made, we submit that there could be no privity of estate: Pen-O-Tex O. & L. Co. v. Oil & Gas Co., 23 Fed. 154.

The judgment in the District Court of the United States for the Western District of Pennsylvania at No. 3600 Law is res judicata to the instant action: Steel v. Levy, 282 Pa. 338; Laidley v. Rowe, 275 Pa. 389; Baughman's Est., 281 Pa. 23; Bessemer, etc., R. R. v. Ford C. Co., 273 Pa. 166; Hochman v. Finance Corp., 289 Pa. 260; State Hospital, etc., v. Water Supply Co., 267 Pa. 29; Tasin v. Bastress, 284 Pa. 47; O'Connor v. O'Connor, 291 Pa. 175.

The question of res judicata was properly before the lower court on the affidavit of defense raising a question of law: (a) Because plaintiff referred to the former case in its pleadings and made a judgment in that case a part of its statement of claim in the instant case: Numbers v. Shelly, 78 Pa. 426. (b) Because plaintiff did not object, in the court below, to the method of raising the question of res judicata by an affidavit in the nature of a demurrer: Miners State Bank v. Auksztokalnis, 283 Pa. 18; Com. ex rel. v. Camp, 258 Pa. 548;

Com. v. Wheel Co., 290 Pa. 380; Ehmling v. Ward Co., 279 Pa. 527.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 25, 1929:

This is an appeal from a judgment entered in favor of the Big Four Oil & Gas Co., defendant, a corporation of the State of Delaware, in an action of assumpsit by the Penn-O-Tex Oil & Leasehold Co., a corporation of the State of Ohio, to recover damages because of an alleged breach of contract. Both corporations were engaged in the business of buying, selling and operating oil and gas leases. Plaintiff, which, by virtue of certain assignments, "commencing with the [original] owner and passing regularly and successively in line," was the owner of leaseholds on 21,000 acres of land in the State of Texas, the use whereof was limited to oil and gas development, agreed, in writing, with the Pittsburgh Western Oil Co., a corporation (not a party to this suit), to sell and assign to that company its leasehold rights in 18 of the 33 sections of land which comprised this property.

Plaintiff alleges that, coincident with the transaction just mentioned, the Pittsburgh Western Oil Co. agreed, in writing, with the Big Four Oil & Gas Co., defendant, to sell and assign to the last named one-half of its holdings under the above mentioned assignment from the Penn-O-Tex Oil & Leasehold Co.,—the defendant to accept its proportionate share of the obligations set forth in the assignment to the Pittsburgh Western Oil Co. Plaintiff further alleges that, on the same date as and complying with the above two agreements, it executed a formal assignment of its leasehold rights to the Pittsburgh Western Oil Co., and that the last corporation "executed and delivered to the said Big Four Oil & Gas Co. a formal assignment of a one-half interest of, in and to the said leasehold; . . . . . . [and further] that the selection of the [land] to be conveyed from the [plaintiff] to

the Pittsburgh Western Oil Co., and from the Pittsburgh Western Oil Co., a one-half interest therein to the Big Four Oil & Gas Company, had all been agreed upon prior to the date of said assignments......and the formal assignments [were] made up, executed and delivered simultaneously."

Plaintiff then alleges that, because of failure to meet obligations "to complete a well," etc., which the Pittsburgh Western Oil Co. assumed in accepting the assignment to it, a suit for breach of contract was instituted against the company in the United States District Court, where judgment was rendered for plaintiff. The present suit was brought because of defendant's failure to meet the same obligations, which plaintiff alleges the Big Four Company was bound to perform as "half-owner [with the Pittsburgh Western Oil Co.] of the leasehold estate."

Plaintiff, conceding that there was no privity of contract between it and the Big Four Oil & Gas Co., bases its claims against the latter on the theory of privity of estate, existing by virtue of a covenant running with the land, which it contends bound defendant by reason of the alleged assignment to it by the Pittsburgh Western Oil Co. of the one-half interest in the leaseholds here in controversy.

In support of the contention that privity of estate existed between plaintiff and defendant, the former points to the assignment, attached to its statement of claim, from the Penn-O-Tax Oil & Leasehold Co. to the Pittsburgh Western Oil Co., also to a written *agreement to assign* an interest in the leasehold, by the Pittsburgh Western Oil Co. to the Big Four Co., which document appears to be neither signed nor executed by the present defendant. Plaintiff further points to the averment in its statement of claim that an assignment of one-half of the leasehold was executed by the Pittsburgh Western Oil Co. to the Big Four Oil & Gas Co., which states also that the latter took possession thereunder; but no copy

of such assignment was set forth as an exhibit or otherwise included as part of plaintiff's case.

It has long been the practice in this State, and our statutes (Act of May 25, 1887, section 3, P. L. 271, and Act of May 14, 1915, section 5, P. L. 483, 484) require that "every pleading shall have attached to it a copy of all [writings] upon which the party pleading relies for his claim"; though, if such writing is set forth in a local court record or is recorded in any official place within the territorial limits of the court's jurisdiction, a proper reference to it in the pleadings will suffice. As already said, in the present instance, plaintiff neither attached to its statement of claim a copy of the alleged assignment to the Big Four Co., nor referred to any official record thereof, nor attempted to account for its failure in these regards.

On the case as presented, since plaintiff depends on privity of estate to establish its position, it can, after demurrer filed, do this only by showing that it in some measure exhibits in its statement the written assignment on which that privity rests; and this plaintiff wholly failed to do.

A like conclusion as to failure of proof was reached by the federal court in Penn-O-Tex Oil & Leasehold Co. v. The Big Four Oil & Gas Co., 23 Fed. (2d) 154, 155, where, considering the same contentions here presented by the same plaintiff against the same defendant, the United States Circuit Court said: "But the doctrine of covenants running with the land is based on an essential legal fact that some estate to which the covenant may attach as its vehicle or conveyance has been transferred: 11 Cyc. 1081; Flaniken v. Neal, 67 Tex. 629, 4 S. W. 212. To apply this law to the instant case, it must appear that the leased land or some interest in it was assigned by Penn-O-Tex to the Big Four. We have found no evidence of such an assignment."

Defendant urges that the adjudication in the case to which we have just referred makes the suit now before

us res judicata, and the court below so held; but we pre-
fer not to base our decision on that ground, for to do so
on the present record would compel us to treat defend-
ant's pleading as though it were a responsive answer in-
stead of a demurrer, which course the court below mis-
takenly pursued. That tribunal acted on the statements
of fact contained in the demurrer, showing the present
controversy to have been already adjudicated in another
suit, instead of treating such specific references to facts
as mere guiding indications of what, on inspection, the
record of that other proceeding would show,—which is
the course the court below should have pursued.

It is not improper to make "the defense of res judi-
cata......by demurrer, where the fact and the tender of
the prior adjudication [depended upon] appear on the
face of the proceedings" demurred to (23 Cyc. 1524; see
also MOSCHZISKER's Legal Essays 81) ; and here, as we
shall presently show, plaintiff itself in effect averred the
alleged prior adjudication. Plaintiff's statement of
claim (the pleading demurred to),—differing in this re-
spect from the statement in Steel v. Levy, 282 Pa. 338,
340-1, the case so largely relied on by appellant,—dis-
closes on its face the existence of the judgment depended
on by defendant as res judicata. To put the matter more
specifically: Plaintiff avers an action "brought in the
United States District Court for the Western District of
Pennsylvania, at No. 3600 Law, and a judgment had
[therein] against the......Pittsburgh Western Oil Co.
......, on the 17th day of January, 1929, for......
$160,800," adding that such judgment is "hereby re-
ferred to and made a part of this statement of claim."
It seems, however, that the court record in the suit men-
tioned in plaintiff's statement of claim shows both the
Pittsburgh Western Oil Co. and the Big Four Co. named
as codefendants; further, that it shows a prior judg-
ment for the latter, or, in other words, a judgment in
favor of the present defendant, which was affirmed on
appeal January 20, 1928, about a year before the judg-

222

ment pleaded by plaintiff. The affidavit of defense, instead of simply raising the point of law that the record of the judgment mentioned in plaintiff's statement of claim showed the present suit to be res judicata, set forth in some detail what that record contained, among other things, the prior judgment in favor of the present defendant, affirmed on appeal. For this reason, plaintiff contends that defendant's affidavit must be looked upon as a speaking demurrer; but since the record in question was that of a United States court located in the same place as the Court of Common Pleas of Allegheny County, the court below, it is subject to the rule stated by us in Phila. v. Reading Co., 295 Pa. 183, 189, and could be incorporated in the pleadings by reference; further, when so incorporated, the record in full, showing the judgment in defendant's favor, would thereby be proffered by the pleader for inspection by the court, and hence the court would not have to depend for its facts on the alleged speaking averments in the affidavit of defense, or statutory demurrer. The trouble here, however, is that the record under discussion is not printed in either brief presented to this court, and all the indications are that it was not actually presented to or inspected by the court below, as it should have been (Pasquinelli v. Southern M. Mfg. Co., 272 Pa. 468, 480; see also Deere Plow Co. v. Hershey, 287 Pa. 92, 101), that tribunal accepting and acting on the statements in the affidavit of defense as verity. Plaintiff nowhere denies that the record in the United States court would show exactly what the affidavit of defense avers, and we are in no doubt that the facts are as there stated, or that, had the court below inspected the record, on its tender in the pleadings by plaintiff, that tribunal would have been warranted in treating the present case as res judicata; but, as the record before us stands, we shall, as already indicated, affirm the judgment on its merits, rather than as a matter adjudicated in the before mentioned prior action.

The judgment is affirmed.