Taggart, Ins. Com., *v.* Graham, Appellant.

Argued November 21, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Joseph G. McKeone,* and with him *Truman D. Wade,* for appellant, cited: Farmers and Breeders Co., etc. v. Miller, 65 Pa. Superior Ct. 347; Farmers and Breeders, etc. v. Elliott, 69 Pa. Superior Ct. 509.

*C. Raymond Young,* for appellee.

OPINION BY BALDRIGE, J., March 3, 1933:

The Insurance Commissioner, as statutory liquidator of an insurance company, brought this action to recover from the defendant the amount of certain assessments levied by him in the course of the liquidation of the company's affairs. The defendant filed an affidavit of defense and a counter-claim. The plaintiff filed a rule for judgment for want of a sufficient affidavit of defense and an "affidavit of defense in lieu of a demurrer to the counter-claim." The learned court below made the rule for the judgment for want of a sufficient affidavit of defense absolute, and sustained the plaintiff's affidavit of defense in lieu of a demurrer to the counter-claim.

The defendant, on October 21, 1920, applied to the insurance company, a Pennsylvania corporation, for live stock insurance on certain animals, and executed a separate application for each animal. The application contained a clause, which provided: "In consideration of a certificate of protection to be issued by the Mutual Live Stock Insurance Co., of Montgomery County, Pa., upon the approval of this application, I promise to pay to the officers of said company the sum of one dollar for the loss of each and every animal of the same series within thirty days after date of notice at the company's office, at Frederick, Pennsylvania." The applications were accepted, and certificates of protection were duly issued. On August 21, 1922, the company was dissolved, and the liquidation of the business, under the direction of the insurance commissioner, was ordered by the court of common pleas of Dauphin County.

We agree with plaintiff's contention that the averments in the affidavit of defense are too general and indefinite. If the statement of claim were sufficient to support a judgment, the court's action would have been correct, as the affidavit of defense is clearly de-

ficient. By referring to the statement of claim, we find it avers that on or about October 21, 1920, the company issued to the defendant certificates of protection, giving the number and series of each, in pursuance of the aforesaid applications, and that the defendant "continued to be the holder of the said certificates, uncancelled, until August 21, 1922." We note further that, in the ninth paragraph of the statement of claim, it is averred: "In order to pay the claims for losses and the necessary expenses, the Insurance Commissioner levied assessments upon the defendant as a certificate holder, under the rule that each certificate holder should bear a proportionate share of the expenses and losses which happened during the period of his certificate holding." It thus appears that this action is not based on the applications, but on the certificates, copies of which have not been attached to the statement of claim. The Practice Act of May 14, 1915, P. L. 483, §5 (12 PS §386), requires that "every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim." See Harper v. Lukens, 271 Pa. 144, 112 A. 636; Penn-O-Tex O. & L. Co. v. B. F. O. & G. Co., 298 Pa. 215, 148 A. 92.

The plaintiff's statement is defective, not only for the failure to attach a copy of the contract sued upon, but also in another aspect. The proper practice in dissolving an insolvent insurance company, prior to the Act of June 1, 1911, P. L. 599, amended by the Act of May 17, 1921, P. L. 789, article V, §506 (40 PS §206), was by the Attorney General's presenting all the facts and praying the court for the appointment of a receiver. The amount of the assessments thereafter levied by the receiver was under the express or-

der of the court. If suit was brought to recover assessments thus authorized, it was necessary to attach to the plaintiff's statement a copy of the decree of the court with a record of the proceedings: Stockley v. McClurg, 14 Pa. Superior Ct. 629; Schofield v. Lafferty, 17 Pa. Superior Ct. 8; Snader v. Bomberger, 21 Pa. Superior Ct. 629; Backenstoe v. Kline, 31 Pa. Superior Ct. 268; Fire Ins. Co. v. Boggs, 172 Pa. 91, 33 A. 349. If the company, however, is solvent, an order of court is unnecessary, and the assessments are made by directors or managers in accordance with the constitution and by-laws of the company, and, in that event, they are conclusive, unless they are so excessive as to amount to fraud or gross negligence: Buckley v. Columbia Ins. Co., 92 Pa. 501. There exists, therefore, in such circumstances, or under an order of court in the event of insolvency, a presumption in favor of the propriety of the assessment: People's Mut. F. Ins. Co. v. Groff, 154 Pa. 200, 26 A. 63. We are not dealing now, however, with assessments made by the officers of a solvent company, but made by a representative of a concern in process of liquidation.

The plaintiff's right to recovery rests primarily upon a contract, and if the by-laws are referred to therein, they become a part thereof. Not only the plaintiff's rights, but the defendant's obligations depend upon the terms and conditions of the contract. If the by-laws prescribe the manner of making assessments, notice, etc., they must be complied with. A member of a mutual insurance company is not liable for losses sustained before he became a member. And although a company cannot ordinarily authorize an assessment for expenses, unless expressly provided in the contract, we concede that, in the event of liquidation, it may do so. But the policy holder is entitled to information as to the nature and extent of these expenses which must be reasonable.

The statement of claim before us does not disclose whether the assessments were made in accordance with the terms of the contract, or the method invoked of determining the amount of the assessments, the time the losses were sustained, or the amount or nature of expenses. Certainly, there is some limitation to the authority of a receiver or Insurance Commissioner in making demands upon members of a mutual insurance company. Facts must be averred to justify the assessment; it cannot be arbitrarily fixed. All that is averred in this connection appears in paragraph 10: "The calculation under the plan above set forth required the insurance commissioner to levy the following assessments upon the defendant on August 15, 1925:

| Series | Loss No. | Amount |
|--------|----------|--------|
| C | 4 — 14 | $11.00 |
| A | 4 — 15 | 12.00 |
| B | 5 — 13 | 9.00 |
| D | 8 — 21 | 14.00" |

This list named 16 additional series, accompanied with data of the same character, showing the defendant's alleged liability in all series to be $286. The defendant was entitled to more than these meager facts before called upon to answer. To enter a judgment for want of a sufficient affidavit of defense, the statement of claim must aver in clear and concise terms all facts essential to support a judgment: Parry v. First National Bank of Lansford, 270 Pa. 556, 113 A. 847; Rhodes v. Terheyden et al., 272 Pa. 397, 116 A. 364.

The Act of 1921, supra, provides that, when the court shall order the liquidation of the business of an insurance company, the liquidation shall be made by and under the direction of the insurance commissioner. He is substituted for a receiver appointed by the court under the former practice. But we find no authority in this or any other act of assembly reliev-

ing the insurance commissioner from applying to the court, as formerly, for authority to levy assessments on policy holders, and setting forth sufficient facts to justify the court's ordering an assessment. If such a practice is not absolutely essential, certainly a policy holder is entitled to such material facts in a plaintiff's statement, upon which the Insurance Commissioner is relying, to determine whether the claim is proper and just. We are aware that, where a policy is issued by a mutual company, and express reference is made to the by-laws of the company, and they are part of the policy, the policy holder is presumed to have knowledge of and is bound by the by-laws: Susquehanna Ins. Co. v. Leavy, 136 Pa. 499, 20 A. 502, 505. If we assume that the by-laws were referred to in the contract, that would not dispense with the averment of material facts sufficient to sustain an assessment. The learned court below, with some justification, relied upon the former statements of this court, to the effect that the presumption of law is in favor of the regularity of the proceedings to assess and the legality of the assessment: Ins. Co. v. Vitale, 10 Pa. Superior Ct. 157; Tanner v. Weber Co., Inc., 59 Pa. Superior Ct. 14; Donaldson v. Fortna, 76 Pa. Superior Ct. 403.

In the Vitale case, the court said (p. 160): ''Here the declaration sets forth, in sufficient detail, the contracts of insurance on which the defendant's liability rests, the necessity for making assessments for payment of losses and expenses, the amount assessed on each policy held by the defendant, due notice to the defendant and his refusal to pay. It recites the specific provisions of the policies relating to assessments, and has attached to it copies of the policies and of the by-laws of the insurance company.'' In that case there was no receiver and the assessments were made apparently in pursuance of the terms of the contract. There the court referred to Mutual Fire Ins. Co. v.

Groff, supra, where the assessment was not made in liquidation, but evidently levied by the managers of the company, who had the express right to exercise reasonable discretion in making assessments to pay losses. The court, in the latter case, relied upon the Act of May 1, 1876, P. L. 53, §56. It provided: "That the certificate of any mutual fire insurance company......setting forth that an assessment has been made......and the amount ...... shall be prima facie evidence thereof in all the courts of this Commonwealth." That act, however, was expressly repealed by the Act of 1921, supra, and we have no similar statute now in existence.

In the Tanner case, a reference to the paper books filed reveals that copies of the contract and by-laws were attached to the plaintiff's statement, which showed "a valid assessment, properly levied, for a proper amount upon the account of debts and expenses, which the appellant as a member of the company was properly chargeable under the by-laws and terms of the policies."

In the Donaldson case, it appears in the opinion of the court (p. 406): "Upon the reverse side of this notice of assessment there was shown 'A statement of the unpaid losses and the assessment plan. Assessments have been levied upon all known and located policyholders of record as of the time of the occurrence of each loss ...... If any error is disclosed the liquidator will be glad to adjust it if full facts are given.'" A strong and persuasive dissenting opinion was filed in that case by Judge KELLER, in which the late Judge PORTER concurred.

In those cases there were considerably more details, and the contracts sued upon were attached to the plaintiff's statement in each instance. We cannot regard them as controlling.

There is no express additional authority given to

the insurance commissioner, substituted simply as a liquidator for a receiver appointed by the court. No sound reason suggests itself, and none has been advanced, why his authority should be more extensive than a receiver formerly had. His duties are the same and his power should be subject to the same limitations. It was incumbent upon the plaintiff to set forth a copy of the order of the court authorizing an assessment, or at least give such information respecting the amount of losses, the time they occurred, the amount of the expenses, etc., as would have warranted the court in making an order approving the levying of an assessment.

In Fire Ins. Co. v. Boggs, supra (p. 98), the late Mr. Justice MITCHELL said: "The statement does not entitle plaintiff to a judgment, because it fails to show a complete right to recover the sum claimed. It sets out the order of the court of common pleas of Dauphin County authorizing the receiver to levy an assessment 'equal in amount to all other assessments heretofore levied.' This of course means all assessments theretofore legally and properly made. The statement then enumerates three prior assessments, two of them made by the board of directors in accordance with the by-laws, the third by the receiver, and then a fourth by the receiver under the order of the court referred to. No authority in the receiver to make the third assessment is shown, unless it is to be inferred from the general language of the Act of May 3, 1876, Sec. 49, P. L. 66, the adequacy of which is doubtful ...... While the order of the court is sufficient authority for what it covers, it must be strictly followed, and the receiver cannot go beyond its terms."

Our conclusion is that plaintiff's statement is insufficient to support a judgment.

The defendant, in his counter-claim, avers that the

insurance company owed him $500, at the time of dissolution, by reason of the death of four of his animals protected by insurance; that he gave prompt notice of the death of each animal, but that he has never been paid therefor. His losses cannot be set off in this action. As was said by Mr. Chief Justice GIBSON, in Hillier v. Allegheny Mutual Ins. Co., 3 Pa. 470, 474, "It is to be remembered that each sufferer is an insurer as well as a party insured; and that he is bound to make compensation, as well as entitled to receive it. But it is not perceived how the pro tanto amount of his loss could be ascertained before all the available securities of the company had been called in, and the demands upon it liquidated. The plain and practicable plan of settling the affairs of an insolvent company of mutual insurers, is to liquidate its means and its responsibilities separately."

For the reasons set forth, the order of the court in entering judgment for plaintiff for want of a sufficient affidavit of defense is reversed with a procedendo, and its order sustaining plaintiff's affidavit of defense in lieu of a demurrer to the counter-claim is affirmed.