NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JAMES W. BROWN, PETITIONER, v. GRAND VIEW AUDITORIUM, INC., RESPONDENT.

Decided September 27, 1939.

For the petitioner, *Bennett A. Robbins.*

For the respondent, *James A. Robottom.*

\*     \*     \*     \*     \*     \*     \*

The petitioner testified that he was a carpenter, and that on February 23d, 1939, he was engaged in repairing a basketball basket on the premises of the respondent. He stated that he was hired to do this piece of work at the rate of $1 an hour. While doing this work, the petitioner was standing on a ladder, and the ladder slipped, the petitioner fell and was injured. The petitioner testified that he had done similar jobs for the respondent before, the last one being a period of about nine months previous to the occasion on which he was injured. He testified that on the occasion of each job, he had been asked to do a certain job, and that he had been paid at the rate of $1 an hour. He also testified that he had done jobs of carpentry work for other persons between his various jobs for the respondent.

The petitioner testified that since the accident he had pain and a sensation of nerves running up and down his spine, and that he has not been able to work.

At the conclusion of the petitioner's testimony, a motion to dismiss the petition was made on behalf of the respondent on the ground that the petitioner was not entitled to compensation under the provisions of the Workmen's Compensation statute, since he was engaged to do a specific piece of work, and that it was not intended that his employment should be regular or recurring, nor could it be considered as in the respondent's regular course of the business of conducting an auditorium.

I have carefully considered the testimony of the petitioner adduced before me, and I am disposed to grant the motion made by the respondent. From the evidence before me I find that the petitioner was at best a casual employe, who was to take care of a chance happening, and that the work was not in the employer's regular course of business, and that it was not intended to recur at any definite time, or to extend beyond that particular job. I find that the petitioner had done similar jobs for other persons before the accident, and that he was in the business of doing odd jobs and carpentry. I feel that if he was not a casual employe, he then fell into the category of an independent contractor, since he was

engaged to do a specific piece of work without supervision, direction, or control as to the manner in which he did it.

I, therefore, order that the petition herein filed be and the same is hereby dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*