## Hawkins v. Smith

*David M. Rosenfield*, for plaintiff.
*Charles Jay Bogdanoff*, for defendant.

EISEMAN, *J.*, March 6, 1975—This motion for summary judgment, filed by defendant, comes before the court upon petition, answer thereto and memoranda of law. This case, one of two consolidated cases, was initiated by plaintiff Hawkins, driver of one car, against defendant Smith, driver of another car. The companion action was one in which a passenger in the Smith car, Moyer, brought suit against both Hawkins and Smith as co-defendants.

Prior to the time that both actions went before an arbitration panel, Moyer, the plaintiff in the companion case, obtained a default judgment against driver Hawkins, plaintiff herein. The panel met on June 24, 1974, and found in favor of plaintiff Moyer against defendants Smith and Hawkins. This finding was never appealed.

With respect to the instant case, the panel found in favor of plaintiff driver Hawkins against defendant driver Smith. The panel also stated in its finding: "We find the default judgment unfavorably against Hawkins does not collaterally [es]stop the matter of Hawkins v. Smith." Smith appealed the finding against him.

It is the petitioner's contention that since the instant case refers to the same automobile accident

and involves the same parties, judgment should be entered in favor of defendant petitioner. He cites language from Johnson v. Wilson, 64 D. & C. 2d 253 (1973) (a case in which the report and award of the arbitrators in one of two consolidated cases was not appealed), in which the court stated: "'The award having been in favor of the defendant, and no appeal therefrom, it becomes a judgment, and is conclusive upon the parties as any other form of judgment.'"

Respondent takes the position that since the instant case involves a different cause of action with different parties than in the case of passenger Moyer against defendants Hawkins and Smith, the default judgment obtained by the passenger Moyer against Hawkins is not res judicata in this separate action of the driver Hawkins as plaintiff against the driver Smith as defendant. Respondent suggests that the arbitration panel found that Hawkins was not negligent as far as the accident in question was concerned and that the only reason the finding was made against Hawkins as well as Smith was because of the default judgment. Respondent claims that the question of liability as between the two drivers was never involved in the default judgment and the court cannot construe a default judgment by the passenger Moyer against one of the drivers, Hawkins, as res judicata in the separate action against the other driver Smith.

The issue therefore becomes whether or not a finding of an arbitration panel which was against one defendant because of a default judgment and wasn't appealed is res judicata with respect to a companion case that is appealed.

The court rejects petitioner's contention that the conception of res judicata must operate to compel

judgment in favor of defendant petitioner. It is basic and fundamental law that the doctrine of res judicata may not be relied upon unless the matter in question has been adjudicated, either expressly or by necessary implication: Commonwealth v. Dooley, 225 Pa. Superior Ct. 454 (1973); Penn-O-Tex Oil & Leasehold Co. v. Big Four Oil & Gas Co., 298 Pa. 215 (1929). In the instant matter, it is clear that the finding by the arbitrators against plaintiff herein, Hawkins, was made solely because of the default judgment. In short, it is clear that in the unappealed case, the panel made no finding on the factual issue of negligence. It resolved the issue of liability based upon the default judgment alone. The court cannot now apply the doctrine of res judicata to a prior judgment that was entered solely by reason of a default judgment. The petitioner's motion should be denied. Accordingly:

And now, March 6, 1975, for all of the foregoing reasons, it is ordered and decreed that the motion for summary judgment be and is hereby denied.